Leo KOHORST, Edna Kohorst, Joseph
Schweers and Robert Schweers,
Appellants,

v.

The IOWA STATE COMMERCE
COMMISSION, Appellee,

Iowa Public Service Company,
Intervenor.

No. 69627.

Supreme Court of Iowa.

May 16, 1984.

Robert Kohorst, Harlan, for appellants.

Philip Stoffregen, Gen. Counsel, Patrick J. Nugent, Deputy Counsel, and William A. Haas, Asst. Gen. Counsel, Des Moines, for appellee.

Suzan M. Stewart and Ira E. Delk, Sioux City, for intervenor.

Considered by REYNOLDSON, C.J., and McCORMICK, SCHULTZ, CARTER and WOLLE, JJ.

SCHULTZ, Justice.

Landowners appealed from the entry of default judgment which resulted in a dismissal of their district court petition seeking judicial review of a state commerce commission decision to grant a franchise for electrical transmission lines over their property. The trial court defaulted the landowners because they failed to timely comply with a court order requiring them to make their petition more specific. The case was transferred to the court of appeals where it was reversed and sent back for a hearing on the merits. We granted further review. While we agree the entry of default must be reversed, we remand the case so the trial court can hear anew the motion for default and the intervenor's motion to dismiss.

The Iowa Public Service Company (Utility) filed a petition with the Iowa State Commerce Commission (Commission) seeking a franchise with the right of eminent domain in order to erect and maintain electrical transmission lines over certain property. The petitioners, Leo Kohorst, Edna Kohorst, Joseph Schweers and Robert Schweers, as affected landowners were given notice of the hearing. Although they appeared and presented evidence, the Commission ultimately granted the franchise.

The landowners then filed a petition in district court for judicial review of the Commission's action and demanded a jury trial. The Utility intervened as ally of the Commission. In response to the landowners' petition, the Commission filed a motion for a more specific statement and resisted their demand for a jury trial. The district court, on July 19, 1982, sustained the Commission's motion and denied the landowners a jury trial.

The case was inactive until October 2, 1982, when the Commission moved for entry of default. The Utility concurred in this motion and also made a separate motion to dismiss the petition pursuant to Iowa Rule of Civil Procedure 216. On October 13, 1982, the landowners responded by amending their petition and resisting default. Their efforts to belatedly comply with the July ruling were of no avail as the court subsequently sustained the motion for default and dismissed the action. After moving unsuccessfully to have the default set aside on the basis of mistake, inadvertance, surprise and excusable neglect, Iowa R.Civ.P. 236, the landowners appealed.

On appeal, they attack several of the district court's rulings. Specifically, they claim the court erred in (1) sustaining the Commission's motion for a more specific statement; (2) improperly striking their jury demand; (3) entering default against them on the basis of Iowa Rule of Civil Procedure 86; and (4) failing to set aside the default under Iowa Rule of Civil Procedure 236.

I. Because the first and second assignment of error turn upon the nature of

judicial review under the Iowa Administrative Procedure Act (IAPA), we must briefly discuss principles governing review of agency action.

■ The right to appeal Commerce Commission decisions granting or denying a franchise under Chapter 478 is purely statutory, and the procedures for judicial review are governed by the IAPA. § 478.32; *Kerr v. Iowa Public Service Co.*, 274 N.W.2d 283, 287 (Iowa 1979); *Iowa Public Service Co. v. Iowa State Commerce Commission*, 263 N.W.2d 766, 768 (Iowa 1978).

■ A franchise petition that involves the taking of property under the right of eminent domain requires a hearing before the Commission after proper notification has been served on owners and possessors of the affected land. § 478.6. When a statute requires that rights be determined by the agency after an opportunity for an evidentiary hearing has been provided, the proceedings are classified as a "contested case." § 17A.2(2); *Allegre v. Iowa State Board of Regents*, 349 N.W.2d 112 (Iowa 1984). In "contested case" proceedings, the agency, rather than the district court, is empowered to hear evidence and make findings of fact. § 17A.19(7). The district court, when exercising the power of judicial review over agency action, is functioning in an appellate capacity to correct errors at law. § 17A.19(8). *Foods, Inc. v. Iowa Civil Rights Commission*, 318 N.W.2d 162, 165 (Iowa 1982); *Iowa Public Service Co.*, 263 N.W.2d at 769.

With these principles in mind, we first consider the landowners' claim that the trial court should have overruled the Commission's motion for a more specific statement. Although the landowners' petition set out five different grounds for relief, their allegations were vaguely worded and not specifically tied to the statutory grounds spelled out in section 17A.19(8)(a–g) which defines the basis upon which relief may be granted when an aggrieved party seeks judicial review of agency action. The petition also stated relief was demanded as well on "additional grounds that later may come before the court."

Relying on section 17A.19(4) which provides in relevant part that "[t]he petition for review ... shall contain a concise statement of: ... (d) the grounds on which relief is sought," the Commission claims that a petition must delineate with particularity the statutory ground for relief that each alleged agency action is claimed to fall within. The landowners, on the other hand, maintain that the pleadings required under IAPA are no different than those required under notice pleading. *See* Iowa R.Civ.P. 69; *Soike v. Evan Matthews and Co.*, 302 N.W.2d 841, 842 (Iowa 1981). In other words, they take the position that their pleading was sufficient since it apprised the Commission of the general nature of the action and the incident giving rise to their claim for relief.

■ We believe the landowners' reliance on rule 69 is misplaced. While the rules of civil procedure are applicable to proceedings for judicial review of agency action, this is only so if a rule does not conflict with the particular provisions of the IAPA. Iowa R.Civ.P. 331. Notice pleading is not applicable to an appellate review proceeding under Chapter 17A since the pleading requirements of section 17A.19(4) are much more stringent than those required in an original action under rule 69. Unlike an original action where the issues may develop and change in the course of presenting evidence and making proof, the proof is not susceptible to change in the appellate process. Moreover, an opposing party is entitled to know the exact nature of the claimed errors, and each error must be separately and distinctly stated so an opponent can adequately prepare and respond to the issues being reviewed. *See Henneman v. McCalla*, 260 Iowa 60, 79, 148 N.W.2d 447, 459 (1967). In sum, the trial court was correct in requiring the landowners to particularize the grounds upon which they sought relief.

■ The trial court was also correct in rejecting the landowners' demand for a jury trial. In proceedings for review of a "contested case," the district court is not

empowered to hear evidence and if additional evidence is required, the matter must be remanded to the agency. There is no statutory right to a jury trial under a Chapter 17A proceeding nor would such a trial be feasible or necessary in this type of proceeding since fact finding is relegated to the agency and the district court is limited to reviewing assigned errors of law.

II. Both the Commission's motion for default and the trial court's ruling sustaining the motion were apparently based on the premise that the court, if requested, must grant a default judgment whenever a party has been ordered to plead more specifically and he does not comply within seven days as required by Iowa Rule of Civil Procedure 86. The court cited *Lanning v. Landgraf*, 259 Iowa 397, 143 N.W.2d 644 (1966), to support its conclusion that a party who fails to plead within seven days suffers a final adjudication against him unless the opposing party has acquiesced in the delay. Here, there was no serious claim the Commission acquiesced in the delay.

On appeal, the Commission relies on rules 86 and 230 in arguing that the trial court correctly entered default against the landowners and dismissed their petition. Iowa Rule of Civil Procedure 230 defines default in relevant part as follows: "A party shall be in default whenever he ... (b) fails to move or plead as required in R.C.P. 86...." Rule 86 provides in pertinent part:

If a party is required or permitted to plead further by an order or ruling, ... such party shall file such further pleading within seven days ... and if such party fails to do so within such time, he thereby elects to stand on the record theretofor made. On such election, the ruling shall be deemed a final adjudication in the trial court without further judgment or order....

While it is true the fair import of these two rules would seem to place a mandatory burden on the trial court to grant a default whenever compliance with a court order requiring further pleading is not forthcoming within the seven days, the decision to grant a default rests in the sound discretion of the trial court. As we recently stated:

Despite the language of rules 230–32 that might be read to require the entry of a default under certain conditions, our cases interpreting those rules have not made such entry mandatory. We have consistently held that the question of allowing a default is largely within the discretion of the trial court. *Avery v. Peterson*, 243 N.W.2d 630, 631–32 (Iowa 1976) (no trial error in denying default: answer of county board of supervisors and auditor, filed after plaintiff's motion for default, was substantially the same as the timely answer filed by other defendants); *Severson v. Sueppel*, 260 Iowa 1169, 1177, 152 N.W.2d 281, 286 (1967). The policy of the law is to allow trial of actions on the merits. *Id.*

*Johnson v. Gib's Western Kitchen, Inc.*, 338 N.W.2d 872, 874 (Iowa 1983).

Nor do we believe the *Lanning* case relied on by the trial court in any way refutes or detracts from the proposition that granting default is a discretionary decision. While there is dictum in that case to the effect that "defendants might well have moved for default and judgment after the seven days had expired ... and before plaintiff filed a recast position," 259 Iowa at 403, 143 N.W.2d at 647, *Lanning* also describes and approves the rule giving wide discretion to the trial court when it either refuses to strike an untimely pleading filed in response to a ruling requiring a more specific statement or fails to dismiss an action pursuant to rule 86 because of the delay in filing it. In so doing, the *Lanning* court relied upon and cited *Morf v. Washburn*, 250 Iowa 759, 94 N.W.2d 756 (1959), and *Anderson v. National By-Products, Inc.*, 257 Iowa 921, 135 N.W.2d 602 (1965). *Id.* 259 Iowa at 402, 143 N.W.2d at 647. We conclude these latter cited cases do not support a policy of mandatory default, and *Lanning* cannot be read as requiring a default whenever a

party fails to comply with the requirements of rule 86.

 We note the Commission has somewhat modified its district court stance that default was mandatory by claiming that the only question to be resolved in this appeal is whether the trial court abused its discretion by granting the default. We do not reach this issue, however, since we determine the trial court did not exercise its discretion but incorrectly determined that default was necessary as a matter of law in absence of acquiescence by the opposing party. Thus, we remand the case so the court can hear the motion for default anew and exercise its discretion in determining whether default was proper in the present circumstances. In exercising its discretion, the court, bearing in mind that policy favors hearing actions on their merits, should look to all the facts and circumstances surrounding the untimely compliance and may consider: (1) whether the landowners made a conscious decision to stand on their pleadings thus ·risking a final adjudication under rule 86; (2) the reason for the delay; (3) the effect of the delay in the proceedings particularly in terms of prejudice to the opposing party; (4) whether the landowners were deliberately dilatory or otherwise engaging in delay tactics; and (5) other relevant facts concerning any peculiar need for speediness as a consequence of the kind of litigation involved or court administration in general.

By remanding the case, the district court will also be given an opportunity to rule on the Commission's motion to strike the amendment to the petition and the Utility's rule 216 motion to dismiss the landowners' petition. Our disposition of the case makes it unnecessary to consider the issue of whether the trial court abused its discretion in refusing to set aside the default. A determination of that question does not necessarily coincide with the issue of whether a default should have been granted in the first instance.

Having considered all the arguments even if not specifically addressed, we affirm the court of appeals decision to reverse; however, we modify it to remand to district court for a new determination of Commission's motion for default and a decision on the Utility's motion to dismiss.

DECISION OF COURT OF APPEALS MODIFIED; JUDGMENT OF DISTRICT COURT REVERSED AND REMANDED WITH DIRECTIONS.