DELL OIL, LTD., Petitioner-Appellee,

v.

STATE of Iowa, Ex Rel., IOWA BEER AND LIQUOR CONTROL DEPARTMENT, Iowa Department of Public Safety, Iowa Departmental Hearing Board of the Iowa Beer and Liquor Control Department, Respondents-Appellants.

No. 86–991.

Court of Appeals of Iowa.

March 31, 1987.

Thomas J. Miller, Atty. Gen. and Gary L. Hayward, Asst. Atty. Gen., for respondents-appellants.

William C. Purdy, of Stennis & Siddens, P.C., Des Moines, for petitioner-appellee.

Heard by DONIELSON, P.J., and SNELL and SACKETT, JJ., but decided en banc.

SACKETT, Judge.

Respondents State of Iowa on behalf of the Iowa Beer and Liquor Control Department, Iowa Department of Public Safety, and Iowa Departmental Hearing Board of the Iowa Beer and Liquor Control Department appeal from the district court's decree reversing an agency determination that Petitioner Dell Oil, Ltd., had sold or dispensed beer after hours in violation of Iowa Code § 123.49(2)(b) (1985). We reverse the district court and affirm the agency.

Dell Oil held a retail beer permit. An employee on the licensed premises purchased a six-pack of beer. The purchase was made before the employee closed the premises at 11:30 p.m. However, the employee did not take the beer with her when she left at 11:30 p.m. She returned to the closed premises at 2:44 a.m., opened the store and took her beer. On leaving the store she was stopped by a police officer.

The state brought proceedings to suspend Dell's license. The Director of the Iowa Beer and Liquor Control Department ordered the license suspended for one week. The hearing board affirmed the director. On appeal the district court reversed. The state appeals contending (1) the district court was without jurisdiction to hear the appeal and (2) the district court erred in not affirming the license suspension.

## I.

The state first contends the trial court did not have jurisdiction to entertain Dell's petition for judicial review. The process to request judicial review in this case is set forth in the Iowa Administrative Procedures Act, Iowa Code chapter 17A (1985). A review of the agency's action by the district court is permitted only if the challenge to the action meets the criteria of Iowa Code § 17A.19 (1985). *Black v. University of Iowa*, 362 N.W.2d 459, 462 (Iowa 1985).

The state challenges jurisdiction because they claim Dell's petition failed to follow the dictates of § 17A.19(4)(d) (1985), which provides in part:

> 4. The petition for review ... shall contain a concise statement of:
>
> *   *   *   *   *   *
>
> d. The grounds on which relief is sought.
> e. The relief sought.

Dell's petition clearly identified the parties and the agency action from which appeal was taken. It set forth that the agency had made a decision that Dell's had sold or dispensed beer between 2:00 a.m. and 6:00 a.m., contrary to statutes and administrative rules. Dell's petition asked the district court to determine Dell had not sold or dispensed beer in violation of the statutes and administrative rules.

Notice pleading is not applicable to an appellate review proceeding under IAPA since the pleading requirements of § 17A.19(4) are more stringent than those required in an original action under Iowa R.Civ.P. 69. *Kohorst v. Iowa State Commerce Commission*, 348 N.W.2d 619, 621 (Iowa 1984). In an appeal taken pursuant to the IAPA an opposing party is entitled to know the exact nature of the error claimed. *Id.* However, Iowa courts have also held substantial requirement with applicable appellate rules is deemed sufficient to confer jurisdiction. *Matter of Guardianship and Conservatorship of Ankeney*, 360 N.W.2d 733, 736 (Iowa 1985). In the instant case, the state does not claim to have been misled or prejudiced by the petition.

In *Green v. Iowa Department of Job Service*, 299 N.W.2d 651, 654 (Iowa 1980), the court determined that a petition which requested agency action be reversed and which attached papers showing the course of controversy and parties before the agency was sufficient to alert the employer who was not named in petition (but who was served with a copy of the petition) and to confer jurisdiction in the district court. We determine the district court had jurisdiction to entertain the appeal.

## II.

The state next contends the trial court erred when it determined the agency findings were erroneous as a matter of law and the agency determination that prohibited dispensing had occurred were unreasonable and erroneous in light of a reasonable interpretation of the statute. We agree.

Iowa Code § 123.49(2) (1985) provides in pertinent part:

> A person or club holding a liquor control license or retail wine or beer permit under this chapter, and the person's or club's agents or employees, shall not do any of the following:
>
> *   *   *   *   *   *
>
> b. Sell or dispense any alcoholic beverage or beer on the premises covered by the license or permit the consumption thereon between the hours of two a.m. and six a.m. on any weekday, and between the hours of two a.m. on Sunday and six a.m. on the following Monday, however, a holder of a liquor control license or retail beer permit granted the privilege of selling alcoholic liquor or beer on Sunday may sell or dispense alcoholic liquor or beer between the hours of ten a.m. and twelve midnight on Sunday.

The legislature has stated the manner in which it intends chapter 123 be construed. Iowa Code § 123.1 (1985) states:

> This chapter shall be cited as the "Iowa Beer, Wine, and Liquor Control Act" and *shall be deemed an exercise of the po-*

*lice power of the state, for the protection of the welfare, health, the protection of the welfare, health, peace, morals, and safety of the people of the state, and all its provisions shall be liberally construed for the accomplishment of that purpose.* It is declared to be public policy that the traffic in alcoholic liquors is so affected with a public interest that it should be *regulated to the extent of prohibiting all traffic in them, except as provided in this chapter.* (emphasis added).

The chapter is to be construed so as to promote the regulation of traffic in alcoholic beverages. Unless a manner of trafficking is permitted by the chapter, § 123.1 provides that it is prohibited.

The function of the district court below was to ascertain whether the agency made an error of law in the construction of the statute. *Mary v. Iowa Department of Transportation*, 382 N.W.2d 128, 131 (Iowa 1986).

The word "dispense" is to be accorded its ordinary meaning in general usage unless that meaning is contrary to the manifest intent of the legislature. *Welp v. Iowa Department of Revenue*, 333 N.W.2d 481, 483 (Iowa 1983). Black's Law Dictionary (Fifth Edition) defines "dispense" as "distribute."

Iowa Code § 123.49(2)(b) (1985) prohibits licensees and their employees from selling, dispensing or allowing the consumption of alcohol during prohibited hours. The agency's construction of the statute that the employee picking up beer at the licensed premises during the prohibited times was in violation of the statute is consistent with legislative intent.

We determine the trial court erred in determining the agency erred in holding the activity was dispensing. We reverse the district court and affirm the agency.

REVERSED.

All Judges concur except SCHLEGEL, J., and OXBERGER, C.J., who dissent.

SCHLEGEL, Judge (dissenting).

I must respectfully dissent.

The issue raised in this case that needs to be addressed is whether the actions of a Dell Oil employee violated a reasonable interpretation of the term "dispense" in Iowa Code section 123.49(2)(b). The district court concluded that the agency made an error of law in construing the term "dispense" to cover the action of an employee who returned after 2:00 a.m. to a service station which sold beer and removed alcoholic beverages purchased earlier in the evening.

The majority bases its conclusion on what it finds to be "legislative intent" in regards to actions such as this. I think that neither Iowa Code section 123.1 or Black's Law Dictionary lends support to this analysis. I believe our case law more directly and accurately addresses the issue of legislative intent concerning the "traffic" in alcoholic liquors. Even appellants agree that the manifest meaning of section 123.49(2)(b) is that all "trafficking" in alcohol is to stop at the appointed time. In *DeMore by DeMore v. Dieters*, 334 N.W.2d 734, 737–38 (Iowa 1983), the Supreme Court of Iowa, in addressing the term "trafficking" and "otherwise supplying" said that the words "sell" and "supply" and "traffic" are *active verbs* requiring a person to "affirmatively deliver or transfer liquor or beer" before a violation can occur.

I believe it is not reasonable to find that, under the terms of the statutory provisions, Dell Oil actively delivered or transferred alcoholic beverages. I would affirm the district court's ruling and clarify that, as our case law provides, an *affirmative* act of distribution is necessary to constitute a violation of 123.49(2)(b).

OXBERGER, C.J., joins this dissent.