R & V, LTD., d/b/a The Olde
Liberty, Appellee,

v.

The IOWA DEPARTMENT OF COM-
MERCE, ALCOHOLIC BEVERAGES
DIVISION, Appellant.

No. 90–1216.

Court of Appeals of Iowa.

April 2, 1991.

Bonnie J. Campbell, Atty. Gen., and
Chris Odell and Gary L. Hayward,. Asst.
Attys. Gen., for appellant.

J. Drew Chambers of Holleran, Shaw, Murphy & Stoutner, Clinton, for appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and HABHAB, JJ.

SCHLEGEL, Judge.

Respondent, the Iowa Department of Commerce, Alcoholic Beverages Division, appeals a district court judgment reversing the department's decision to suspend the liquor license of petitioner R & V, Ltd. We conclude that the district court judgment was in error. We therefore reverse and remand for further proceedings.

## I.

In December 1988 the Iowa Department of Public Safety filed a complaint with the Iowa Department of Commerce, Alcoholic Beverages Division ("the agency"). The complaint alleged that two employees of licensee R & V, Ltd., doing business as The Olde Liberty, had sold cocaine to an undercover police officer on the premises of The Olde Liberty. The complaint alleged violations of Iowa Code section 123.2 (prohibiting sale of alcohol except under conditions of chapter 123), section 123.49(2)(a) (prohibiting licensees or employees from allowing "immoral or disorderly conduct"), and section 123.49(2)(j) (prohibiting licensees or employees from allowing criminal activity on the premises). The complaint also alleged violations of 185 Iowa Administrative Code sections 4.7(1) and 4.7(4), which prohibit similar conduct.

The agency held an evidentiary hearing, which was electronically recorded. An administrative law judge later ordered R & V's license suspended for forty-five days. The judge found that a deputy sheriff had purchased cocaine on two occasions from two bartenders at The Olde Liberty. Vicky Boekello, owner of R & V, was not present and was not aware of the transactions. The judge concluded, however, that R & V had violated all Iowa Code and Administrative Code sections charged.

The licensee appealed to the Alcoholic Beverages Division's three-member hearing board. The licensee urged that it should not be held responsible for employee actions and that the penalty was too severe. On the former issue, the board concluded that the licensee-employer is responsible for the acts of its employees. *See Randall's Int'l Inc. v. Hearing Bd.*, 429 N.W.2d 163, 164–65 (Iowa 1988) ("[T]he statutory scheme does appear to permit sanctions against a licensee without regard to direct managerial culpability...."). On the latter issue, two members of the board cited a Minnesota case, *State v. Neisen*, 415 N.W.2d 326, 327 (Minn.1988) (six months in jail for owner-bartender who served minor), held that the penalty was not too severe. One board member dissented, arguing that the penalty was onerous in light of the owner's lack of knowledge.

The licensee petitioned the district court for judicial review. Iowa Code § 17A.19 (1989). The petition alleged the agency's action and governing statutes and rules violated the due process clause of the United States Constitution. Several days later the district court entered a stay pending action on the petition. The agency moved to dismiss for failure to meet the requirements of Iowa Code section 17A.19(4)(d) (petition to contain "concise statement of ... [t]he grounds on which relief is sought"). The agency also moved to dissolve the stay, alleging it was entered illegally without notice to the agency. After a hearing, the district court overruled both motions on March 30, 1990.

The district court held a hearing in April 1990. The agency certified the record for review. Iowa Code § 17A.19(6) (1989). The audio tape recording of the original evidentiary hearing before the administrative law judge was not with the record. The court noted that the tape was either misplaced by the agency or lost in the mail. Consequently, the agency provided no transcript of the evidentiary hearing. The district court concluded that "the Agency does have the authority to suspend a liquor license when an employee has sold cocaine on the premises, and that such is not violative of constitutional protection of due process of law." In reviewing the forty-five-

day suspension, however, the court noted that it could not determine from the incomplete record whether the penalty was supported by substantial evidence. The court concluded that the agency should be reversed because no substantial evidence supported the penalty and because a failure to provide a complete record was a denial of due process.

## II.

This appeal results from a contested case before a state agency. *See* Iowa Code § 17A.2(2) (1989). In contested case proceedings, the agency is empowered to hear evidence and make findings of fact. Iowa Code § 17A.19(7) (1989). The district court, when exercising the power of judicial review, is functioning in an appellate capacity to correct errors at law. Iowa Code § 17A.19(8) (1989); *Kohorst v. Iowa State Commerce Comm'n*, 348 N.W.2d 619, 621 (Iowa 1984). Our review of the district court's decision is limited to correction of errors at law. *Roberts v. Iowa Dep't of Job Serv.*, 356 N.W.2d 218, 221 (Iowa 1984). We, like the district court, are bound by the agency's fact findings, provided those findings are supported by substantial evidence. Evidence is substantial if a reasonable person would find it adequate for reaching a decision. *Peoples Mem. Hosp. v. Iowa Civil Rights Comm'n*, 322 N.W.2d 87, 91 (Iowa 1982).

The agency appeals on several grounds. The agency contends the district court erred in failing to grant its motions to dismiss and to dissolve the stay. It also challenges the district court's conclusion that the record was not supported by substantial evidence when no such error was assigned by the licensee. The agency also challenges the disposition of the case. The licensee has not cross-appealed.

## III.

Iowa Rule of Civil Procedure 326 requires reasonable notice and hearing before entry of a stay of agency action. The agency's decision is dated November 27, 1989, and the licensee petitioned for further review on December 20, 1989. The initial stay was entered on an *ex parte* basis on December 26, 1989. The court heard arguments on January 19, 1990, on the motion to dissolve the stay and the merits of the stay itself. On March 30 the district court overruled the motion and found that the licensee would suffer irreparable harm if the stay were lifted. *Teleconnect Co. v. Iowa State Commerce Comm'n*, 366 N.W.2d 511, 513 (Iowa 1985) (citing *Hamlin Testing Labs. Inc. v. United States Atomic Energy Comm'n*, 337 F.2d 221, 222 (6th Cir.1964)); *Farmers State Bank v. Bernau*, 433 N.W.2d 734, 738 (Iowa 1988)

■ A. The granting of a stay of agency action is discretionary. Iowa Code § 17A.19(5) (1989). We review for abuses of discretion. *Id.* The filing of a petition for judicial review does not stay execution of agency action. *Id.* The reviewing court is empowered to enter a stay. *Id.* There is nothing in the record to reflect why the district court entered the original stay except for licensee's December 26 application for a stay. That application indicates that, before the district court could otherwise act on the petition for further review, the agency had ordered the forty-five-day license suspension to begin. The suspension was to begin on December 27, the thirtieth day after the agency's final decision. The code allows only thirty days to appeal a final agency decision. Iowa Code § 17A.19(3) (1989).

We agree with the agency that the initial stay order without notice or hearing was contrary to rule 326. The agency did not, however, seek to enforce its order. The district court eventually did hold a full hearing on the issue in accordance with the rules of procedure. The district court determined that the stay should continue. While the agency contends this was an abuse of discretion, it has not indicated how it was prejudiced or to what relief it now should be entitled.

Authority discussing this aspect of rule 326 is extremely sparse. Discussing a substantially similar provision in section 4359 of the 1897 Iowa Code, requiring notice to

municipal corporations, the supreme court stated:

> Should a writ of injunction, owing to oversight or through inadvertence, be issued in violation of this statute, the court on application will set aside the order therefor and exact the giving of notice as required as a condition precedent to its subsequent issuance. The better practice is to move that the order be set aside, rather than that the writ be dissolved. [Citation.] But, if the motion to dissolve is on this ground and presented promptly, the writ will be dissolved. [Citation.]
>
> However, the issuance of an injunction without notice may, like other irregularities, be waived. [Citation.] This is done by putting in issue the allegations of the petition and submitting the cause on the merits with or without a motion to dissolve. [Citations.]

*Bowman v. City of Waverly*, 155 Iowa 745, 750–51, 128 N.W. 950, 952 (1915). In an original action before the district court, the supreme court held that the plaintiffs had appeared and submitted themselves to the jurisdiction of the court and that a controverted court order was at most voidable, not void. *See Sound Storm Enterprises v. Keefe*, 209 N.W.2d 560, 567 (Iowa 1973).

In the present case, the agency responded first with a motion to dismiss on January 2, 1990, followed by a motion to dissolve the stay on January 4. We think the agency put in issue the licensee's allegations and participated in a hearing on the matter and in full proceedings on the merits. Thus, under the principles in *Bowman* and *Keefe*, the irregularity is waived. The agency, which admits the matter may be mooted by the hearing, urges us to address the issue if only to provide guidance; however, we think the rule is clear and requires no further explanation.

■ B. On the merits of the stay, the agency again urges that the trial court committed an abuse of discretion by failing to find that the licensee would suffer no "irreparable harm." In *Teleconnect Co. v. Iowa State Commerce Commission*, the supreme court pointed out four "factors [which] bear on the determination" of whether to issue the discretionary stay:

1. The likelihood petitioner will prevail on the merits after full hearing;

2. Whether irreparable damage will be suffered if a stay is denied; ...

3. Whether the public interest calls for discretion to be exercised to deny the stay[; and]

\* \* \* \* \* \*

[4.] Would issuance of a stay substantially harm other parties interested in the proceedings?

366 N.W.2d at 513 (citations omitted).

■ Again, in cases in which the court is empowered to enter a stay of an agency action, we review for an abuse of discretion. Generally, an abuse of discretion is characterized by an exercise of discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Blackwell*, 238 N.W.2d 131, 138 (Iowa 1976) (quoting *Weeks v. Burnor*, 132 Vt. 603, 326 A.2d 138, 140 (1974)). In like cases, the supreme court has mandated there be some evidence presented to the district court from which it may evaluate the circumstances and the consequences of the issuance of an order. *See Kleman v. Charles City Police Dep't*, 373 N.W.2d 90, 96 (Iowa 1985) (citing current Iowa R.Civ.P. 80(c) to effect that "any pleading seeking interlocutory relief[ ] shall contain an affidavit of the person or persons knowing the facts requisite to such relief").

■ The agency urges us to find that loss of earnings is not sufficient harm to justify imposition of a stay. The agency cites *Salsbury Laboratories v. Iowa Department of Environmental Quality*, 276 N.W.2d 830, 837–38 (Iowa 1979), in support of this proposition. We, like the district court, are unable to find authority in this case which discusses the substantial dimension of injury necessary to seek judicial review before administrative remedies are exhausted. Nevertheless, the supreme court has indicated that even a "substantial" loss of revenue may "not amount to irreparable damage." *Teleconnect*, 366 N.W.2d at 514 (citing *Virginia Petroleum*

*Jobbers Ass'n v. Federal Power Comm'n,* 259 F.2d 921, 925 (D.C.Cir.1958)).

The district court weighed the issue of irreparable harm to the licensee. Citing evidence that the forty-five-day suspension would act to close the business forever, the court concluded that the damage would be irreparable. We cannot say that this was an abuse of discretion. The agency seeks a blanket holding that any loss of revenue is not irreparable damage. This, however, is not an accurate reading of the case law and effectively would prohibit any stay. Rather, the governing statutes and rules allow the district court, in its sound discretion, to issue a stay based upon the peculiar facts and circumstances presented to it. The record demonstrates that the district court proceeded in the permitted manner. We are not at liberty to retry the issue on appeal. We find no abuse of discretion.

## IV.

■ The agency argues that the district court erred in failing to dismiss the petition for judicial review. Licensee's petition challenged the rulings, statutes, and administrative rules as violations of the due process clause of the fourteenth amendment. Licensee also indicated that those decisions and rules denied it due process of law. Iowa Code section 17A.19(8)(a) permits the court to grant relief if agency action is in violation of the Constitution. The agency argues that the petition did not satisfy the pleading requirements of Iowa Code section 17A.19(4)(d). That section requires the petition to "contain a concise statement of ... [t]he grounds on which relief is sought." We find no substance in the agency's contentions.

"While the rules of civil procedure are applicable to proceedings for judicial review of agency action, this is only so if a rule does not conflict with the particular provisions of the IAPA." *Kohorst v. Iowa State Commerce Comm'n,* 348 N.W.2d 619, 621 (Iowa 1984) (citing Iowa R.Civ.P.

331). The ordinary notice pleading requirements of rule 69 are displaced by Iowa Code section 17A.19(4). The *Kohorst* court recognized the importance of allowing the opponent to prepare adequately, but also recognized that the issues and proof in a judicial review action are not susceptible of change. *Kohorst,* 348 N.W.2d at 621. The *Kohorst* court went on to find that it was appropriate for the district court to sustain the agency's motion for a more specific statement under rule 112.

The district court concluded that the petition sufficiently framed the issues for review. We agree with the agency that case law demands compliance, *see Banos v. Shepard,* 419 N.W.2d 364, 366 (Iowa 1988), or at least substantial compliance, *see Dell Oil, Ltd., v. State ex rel. Iowa Beer and Liquor Control Dep't,* 406 N.W.2d 462, 463 (Iowa App.1987), with section 17A.19(4). Here, the licensee did comply with the requirements of section 17A.19(4) by stating permissible grounds upon which relief could be granted under section 17A.19(8). Had the Department of Commerce felt itself unable to prepare adequately, it could have sought a more specific statement as it did in *Kohorst.* We hold that the district court did not err in overruling the agency's motion to dismiss.[1]

## V.

■ We address together the final two issues raised by the agency. The licensee did not challenge the substantiality of the evidence used by the agency in its decision. In reviewing the appropriateness of the penalty, however, the district court determined that the loss of the recording of the evidentiary hearing made the record incomplete. It further stated that an incomplete record was not substantial evidence, and a decision not based on substantial evidence denied the licensee constitutional due process. This poses two difficult issues: (1) May the district court reverse an agency

---

1. Although the question was not raised by the licensee, we also think it odd that the agency should challenge the ruling on its motion to dismiss after the district court specifically held that there was no violation of due process as alleged in the petition for judicial review. It seems, then, that the agency eventually received a favorable ruling on its defense to the specific due process claims raised by the licensee and has little cause for complaint now.

decision for lack of substantial evidence when the agency fails by inadvertence or mistake to supply a portion of the record? (2) If not, what is the appropriate procedure?

As a threshold matter, the supreme court appears, at least, to have assumed that the transcript or recording of an evidentiary hearing is a part of the "record" that must be transmitted to the district court for review under Iowa Code section 17A.19(6). *See Council Bluffs Comm. School Dist. v. City of Council Bluffs*, 412 N.W.2d 171, 173 (Iowa 1987) (concluding that proceedings of hearing to consider hearing officer's proposed findings of fact were not part of the "record"). The agency urges that the facts are not in dispute and that the missing portion of the record is unnecessary to the determination of the issues in this case. The record, however, is composed only of the allegations against the licensee and the conclusions of the agency. There is nothing to reflect the underlying circumstances upon which the decision and penalty are based. As the district court rightly points out, there is no way to confirm the appropriateness of the penalty.

Where we depart from the district court is its decision to reverse the agency on this ground. The conclusion that the agency decision was not based upon substantial evidence clearly does not follow from the fact that the entire record was not transmitted. As the supreme court stated in *Hartvigsen v. Iowa Department of Transportation*, 426 N.W.2d 399, 402 (Iowa 1988), "Analogizing to our own rules of appellate procedure, we note that there is no provision for summary reversal as a sanction for an appellee's failure to abide by the rules." In *Hartvigsen* the Motor Vehicle Division inadvertently failed to transmit transcripts for two of the appellee's license revocation hearings. The agency mistakenly believed that those two proceedings had been consolidated with a third. Relying primarily upon a similar Nebraska case, *Maurer v. Weaver*, 213 Neb. 157, 161–62, 328 N.W.2d 747, 749–50 (1982), the supreme court concluded that "a rescission of the agency's order is ordinarily not an authorized sanction for violating

the transcript filing requirements of section 17A.19(6)." *Hartvigsen*, 426 N.W.2d at 402.

Given that summary reversal was not appropriate, it appears that a limited remand to the agency was in order. Iowa Code section 17A.19(7) provides the district court with broad power and states, in relevant part:

> 7. ... In proceedings for judicial review of agency action in a contested case, ... a court shall not itself hear any further evidence with respect to those issues of fact whose determination was entrusted ... to the agency.... If it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the contested case proceeding before the agency, the court may order that additional evidence be taken before the agency upon conditions determined by the court....

We conclude that the appropriate procedure would have been to remand the case to the agency for an evidentiary hearing. Under section 17A.19(7), the district court could order such a hearing to be limited to those factual issues necessary for it to determine the appropriateness of the sanction. *Reiter v. Iowa Dep't of Job Serv.*, 327 N.W.2d 763, 766–67 (Iowa App.1982). We note also that the statute provides that "[t]he agency may modify its findings and decision in the case by reason of the additional evidence...." We therefore reverse the district court's decision and remand the case to the district court for such further orders and proceedings as are necessary and are consistent with this opinion.

### VI.

We hold that the district court did not commit an abuse of discretion by ordering a stay of the forty-five-day license suspension ordered by the Department of Commerce. We found that the licensee had complied with the pleading requirements of section 17A.19(4) and hold that the district court did not err in overruling the agency's motion to dismiss. We conclude, however, that the district court erred in reversing

the agency decision because of its failure to transmit a complete transcript. We reverse the district court and remand to the district court for further proceedings consistent with this opinion.

Costs shall be taxed one-half to each party.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.