# IN THE COURT OF APPEALS OF IOWA

No. 24-0267
Filed March 19, 2025

**DAVID LEE HERING,**
    Plaintiff-Appellant,

**vs.**

**IOWA DEPARTMENT OF CORRECTIONS,**
    Defendant-Appellee.
_____

    Appeal from the Iowa District Court for Jones County, Valerie L. Clay,

Judge.


    A prisoner appeals the district court's dismissal of his application for judicial

review and motion for sanctions.  **AFFIRMED.**



    David Hering, Anamosa, self-represented appellant.

    Brenna Bird, Attorney General, and Patrick C. Valencia, Deputy Solicitor

General, for appellee.



    Considered by Tabor, C.J., and Ahlers and Sandy, JJ.

**SANDY, Judge.**

David Hering appeals the district court's ruling dismissing his petition for judicial review brought pursuant to Iowa Code section 17A.19(1) (2023). On appeal, Hering asserts the district court incorrectly found that (1) it lacked subject matter jurisdiction over the petition and (2) his petition failed to state a claim upon which relief could be granted. Additionally, he asserts the district court erred by dismissing his motion for sanctions against an attorney for the Iowa Department of Corrections (DOC).

Because we find Hering's petition fails to state a claim upon which relief may be granted, we affirm. Additionally, we conclude the district court did not commit an abuse of discretion by denying his motion for sanctions.

## I. Background Facts and Proceedings

Hering has been incarcerated since 2004. In January 2023, Hering was transferred from the Iowa State Penitentiary (ISP) to the Anamosa State Penitentiary (ASP). Following his transfer to ASP, Hering alleges that he lost numerous privileges that he previously enjoyed as a prisoner at ISP. Consistent with DOC policy, Hering filed an internal grievance with ASP administrators to contest his alleged loss of certain privileges. However, the grievance process proved to be unavailing for him. Hering then resorted to filing a petition for judicial review with the district court.

Hering filed his petition for judicial review pro se on July 31, 2023. In response to Hering's petition, the DOC filed a pre-answer motion to dismiss. A few days later, Hering filed a motion to amend his petition, which was granted by the district court. In his amended petition, Hering asserted ASP administrators had

deprived him of numerous privileges he was entitled to under the DOC's policies. Specifically, Hering claimed he was being deprived of access to "IDOC Off-Net Network," a structured library, the courts, the timely delivery of mail, an arts and crafts center, and a job consistent with his abilities and interests.

DOC filed another pre-answer motion to dismiss on August 24, asserting the district court lacked subject matter jurisdiction over the petition and the petition failed to state a claim. Prior to the district court's ruling on the motion to dismiss, Hering filed a motion for sanctions against Shannon Archer—an attorney for DOC. In his motion for sanctions, Hering asserted Archer's memorandum in support of the motion to dismiss knowingly contained false allegations that he had requested a transfer to ASP.

The district court issued a ruling granting the DOC's motion to dismiss on November 30. In its ruling, the district court found that it lacked subject matter over Hering's petition because he had failed to exhaust adequate administrative remedies. Additionally, the district court found Hering's petition failed to state a claim upon which relief could be granted. In its ruling, the district court also concluded Hering's motion for sanctions against Archer was moot because of the dismissal of the petition. Hering then filed a motion to enlarge and reconsider, which was denied by the district court. However, in its ruling concerning the motion to enlarge and reconsider, the district court clarified that it was denying Hering's motion for sanctions because it found the motion to be without merit.

Hering now appeals.

## II. Standard of Review

We review a district court's ruling granting a motion to dismiss for correction of errors at law. *Shumate v. Drake Univ.*, 846 N.W.2d 503, 507 (Iowa 2014). In conducting this review, a court "cannot consider factual allegations contained in the motion or the documents attached to the motion." *Geisler v. City Council of City of Cedar Falls*, 769 N.W.2d 162, 165 (Iowa 2009). "For purposes of reviewing a ruling on a motion to dismiss, we accept as true the petition's well-pleaded factual allegations, but not its legal conclusions." *Beskin, Inc. v. West Bank*, 952 N.W.2d 292, 298 (Iowa 2020) (citation omitted). We are to affirm a dismissal only if the petition shows no right to recovery under any state of facts. *Id.* We review the petition "in its most favorable light, resolving all doubts and ambiguities in [the plaintiff's] favor." *Rieff v. Evans*, 630 N.W.2d 278, 284 (Iowa 2001) (en banc) (citation omitted).

We review a district court's decision to deny or impose sanctions for an abuse of discretion. *Barnhill v. Iowa Dist. Ct.*, 765 N.W.2d 267, 272 (Iowa 2009).

## III. Analysis

On appeal, Hering makes three separate arguments. First, he contends the district court erred in dismissing his petition because it determined it lacked subject matter jurisdiction. Second, he claims the district court incorrectly concluded that his petition failed to state a claim upon which relief could be granted. Third, he claims the district court erred in dismissing his motion for sanctions.

Because we may affirm on any ground urged by the prevailing party in the district court, for purposes of Hering's claim concerning dismissal of his petition, we elect to only analyze whether the district court incorrectly determined his

petition failed to state a claim on which relief could be granted. *See Olsen v. State*, 9 N.W.3d 21, 29 (Iowa 2024) ("An appellate court may affirm a district court ruling on any ground urged by the prevailing party in the district court, even if the district court didn't rely on that ground in its ruling.").

## A. Failure to State a Claim

In arguing that the district court correctly found Hering's petition failed to state a claim, DOC notes Hering "never provided well-pleaded facts" showing his alleged loss of privileges following his transfer from ISP to ASP. Instead, as DOC contends, Hering's petition only contains "a list of conclusory allegations about the rules DOC allegedly violated." The DOC contends mere conclusory statements are insufficient to state a claim under section 17A.19.

Hering counters, arguing that Iowa law utilizes notice pleading. *See Nahas v. Polk Cnty.*, 991 N.W.2d 770, 776 (Iowa 2023) ("Historically, Iowa is a notice pleading state."). As Hering points out, normally a plaintiff's petition

> must contain factual allegations that give the defendant "fair notice" of the claim asserted so the defendant can adequately respond to the petition. A petition complies with the "fair notice" requirement if it informs the defendant of the incident giving rise to the claim and of the claim's general nature.

*Rees v. City of Shenandoah*, 682 N.W.2d 77, 79 (Iowa 2004) (citations omitted). Hering contends his petition complies with this forgiving standard because it "informed the IDOC that the incident giving rise to the claim was his transfer from ISP to ASP." Additionally, he believes his petition informed DOC "that the general nature of the claim is that he lost many privileges from the transfer because ASP Officials do not comply with many IDOC Policies that ISP Officials do comply with."

Thus, he believes his petition complies with notice pleading requirements. We disagree.

The central problem with Hering's argument on this point is that the pleading standard for a petition for judicial review filed pursuant to section 17A.19 is more stringent than the general notice pleading standard. In *Kohurst v. Iowa State Commerce Commission*, the supreme court clarified that notice pleading is not applicable to petitions for judicial review brought under section 17A.19. 348 N.W.2d 619, 621 (Iowa 1984) ("Notice pleading is not applicable to an appellate review proceeding under Chapter 17A since the pleading requirements of section 17A.19(4) are much more stringent than those required in an original action . . . .").

Instead, the court in *Kohurst* explained that for a petition for judicial review, "an opposing party is entitled to know the exact nature of the claimed errors, and each error must be separately and distinctly stated so an opponent can adequately prepare and respond to the issues being reviewed." *Id.* Additionally, the supreme court indicated a plaintiff's petition for judicial review should identity and assert grounds for relief under section 17A.19(10). *Id.* (noting the plaintiff's asserted grounds for relief "were vaguely worded and not specifically tied to the statutory grounds spelled out in" section 17A.19(10), which "defines the basis upon which relief may be granted when an aggrieved party seeks judicial review of agency action"); *see also* Iowa Code § 17A.19(10) (setting forth specific grounds for relief from agency action).

Hering's complaint does not meet the demanding pleading standard under section 17A.19. His petition does not list or mention any potential grounds for relief

under section 17A.19(10). Instead, his petition merely recites internal DOC policies he believes ASP administrators were not complying with, but he provides no factual details supporting such claims. This is not sufficient to state a claim brought under section 17A.19. *See Kohurst*, 348 N.W.2d at 621. Generally, we construe pro se pleading more liberally. *See Meier v. Grunder*, No. 10-1072, 2011 WL 768740, at *4 (Iowa Ct. App. Mar. 7, 2011) (noting Iowa's appellate courts "have recognized that pro se litigants are entitled to a liberal construction of their pleadings"). But we cannot rewrite a pro se litigant's petition to comport with the pleading requirements under section 17A.19. *See Goodwin v. Iowa Dist. Ct.*, 936 N.W.2d 634, 643 n.2 (Iowa 2019) ("It is not our role to rewrite a pro se pleading, nor can we act as the advocate for a pro se litigant.").

Because Hering's petition failed to assert grounds for relief under section 17A.19(10) in his petition for judicial review, we conclude the district court properly dismissed his petition for failure to state a claim.

### B. Motion for Sanctions

Hering also argues the district court erred in denying his motion for sanctions against Archer. He asserts Archer knowingly made "multiple false claims" alleging that he requested a transfer from ISP to ASP in her memorandum to support DOC's motion to dismiss. Hering contends Archer knows "[t]hese allegations are untrue." Additionally, Hering seems to suggest that such assertions were made by Archer for an improper purpose—such as to harass or needlessly delay the litigation. We disagree and conclude the district court did not commit an abuse of discretion by denying the motion for sanctions.

Our rules of civil procedure provide in relevant part:

> Counsel's signature to every motion, pleading, or other paper shall be deemed a certificate that: counsel has read the motion, pleading, or other paper; that to the best of counsel's knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or cause an unnecessary delay or needless increase in the cost of litigation. . . . If a motion, pleading, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the motion, pleading, or other paper, including a reasonable attorney fee.

Iowa R. Civ. P. 1.413(1). Iowa Rule of Civil Procedure 1.413(1) "imposes 'three duties known as the reading, inquiry, and purpose elements.'" *In re Marriage of Kraus*, No. 23-2069, 2025 WL 52489, at *2 (Iowa Ct. App. Jan. 9, 2025) (citation omitted). "Each duty is independent of the other, meaning a breach of any one constitutes a violation of the rule." *Harris v. Iowa Dist. Ct.*, 570 N.W.2d 772, 776 (Iowa Ct. App. 1997). We assess compliance with this rule under an objective, not subjective, standard of reasonableness. *Dupaco Cmty. Credit Union v. Iowa Dist. Ct.*, 13 N.W.3d 580, 590 (Iowa 2024). Additionally, compliance with the rule is determined "as of the time the paper was filed." *Harris*, 570 N.W.2d at 776.

Taking these principles into consideration, we conclude the district court did not commit an abuse of discretion in denying Hering's motion for sanctions. In its ruling on Hering's motion to enlarge and reconsider, the district court expressly found "no evidence" Archer "provided false or fraudulent claims." We see no reason to disturb this finding. Archer filed a resistance to Hering's motion for sanctions in which she attached what appears to be an internal DOC document

that states Hering "would like to return to ASP." Additionally, the document states Hering "was seen for transfer classification." The document also has a heading labeled "Subject," under which the word "transfer" appears. Given these facts, we cannot say it is unreasonable to read this document in such a way as to conclude Hering requested a transfer to ASP.

Although it is not clear from the record, presumably Archer either had possession of a copy or access to this document when she filed the memorandum in support of the DOC's motion to dismiss in which she asserted Hering requested the transfer. While Hering vehemently denies he requested a transfer, he has provided no evidence—other than his own affidavit—to support his assertions that Archer knew he did not request a transfer. His affidavit is not evidence Archer *knew* he did not request a transfer. We find this is not sufficient evidence to establish Archer knowingly asserted false allegations in the memorandum supporting DOC's motion to dismiss.

Additionally, we reject Hering's claim that Archer alleged he requested a transfer for an improper purpose. We first note the district court did not explicitly rule on this argument in its ruling on his motion to enlarge and reconsider. Thus, Hering has not preserved this error for appellate review. *In re Est. of Laube*, No. 20-1399, 2022 WL 108937, at *5 (Iowa Ct. App. Jan. 12, 2022) ("Error preservation generally involves two steps: (1) properly raising the issue before the district court; and (2) obtaining a ruling."). Even if Hering had preserved error on this issue, he would not prevail. He has offered no evidence—other than conclusory statements—to show Archer asserted that he requested a transfer for an improper purpose. This is insufficient.

Because we conclude the district court did not commit an abuse of discretion in denying Hering's motion for sanctions, we affirm on this issue.

**IV. Conclusion**

In sum, we affirm the district court's dismissal of Hering's petition for judicial review for failure to state a claim upon which relief may be granted. Additionally, we conclude the district court did not commit an abuse of discretion in denying his motion for sanctions.

**AFFIRMED.**