# IN THE COURT OF APPEALS OF IOWA

————————

No. 24-1835
Filed January 28, 2026

————————

**Darrell Jacob Kackley**
Plaintiff–Appellant,

v.

**Iowa Board of Parole,**
Defendant–Appellee.

————————

Appeal from the Iowa District Court for Polk County,
The Honorable Coleman McAllister, Judge.

————————

**AFFIRMED**

————————

Darrell Jacob Kackley, Newton, self-represented appellant.

Brenna Bird, Attorney General, and John R. Lundquist, Assistant Attorney
General, attorneys for appellee.

————————

Considered without oral argument
by Greer, P.J., and Badding and Chicchelly, JJ.
Opinion by Badding, J.

1

**BADDING, Judge.**

Darrell Kackley is serving two consecutive ten-year terms of incarceration for lascivious acts with a child. He has been classified by the Iowa Department of Corrections as an offender who must complete sex offender treatment before he can be released from prison. But Kackley alleges that because of a backlog in the program, he remains on a waiting list for treatment. As a result, the Iowa Board of Parole has denied Kackley parole in its annual reviews.

In January 2024, Kackley petitioned the board for declaratory relief, challenging its "blanket policy" of refusing to allow parole or work release for inmates who are waiting for sex offender treatment. After the board failed to act on the petition, Kackley sought judicial review from the district court. The court denied relief, limiting its review to the board's failure to issue a declaratory ruling. Kackley appeals, claiming the court erred in not extending its review to the board's most recent parole denial and in finding the board properly declined to respond to Kackley's petition for declaratory relief. Finding no error of law in the court's ruling, we affirm.

## I.    Background Proceedings

The Iowa Administrative Procedure Act provides that "[a]ny person may petition an agency for a declaratory order as to the applicability to specified circumstances of a statute, rule, or order within the primary jurisdiction of the agency." Iowa Code § 17A.9(1)(a) (2024); *see also Sierra Club Iowa Chapter v. Iowa Dep't of Transp.*, 832 N.W.2d 636, 643–46 (Iowa 2013) (discussing the declaratory order process for agencies). Citing that provision, inmate Darrell Kackley filed a petition for declaratory relief with the Iowa Board of Parole, alleging that the board

2

> has a longstanding, unwritten policy of refusing to give meaningful parole review to any inmate labeled as a "sex offender" prior to them having completed sex offender treatment in prison. Applicant contends that all inmates labeled as "sex offenders" are subject to an irrebuttable presumption that they pose a high risk of re-offense even though the presumption is in fact, not universally true.
>
> Applicant is asking the board to stop this illegal and unfair practice, and give meaningful parole review to him and all other individuals in similar circumstances.

He contended that "if the board did properly review him and did not just give that blanket denial of meaningful review, that the board would see that he is a good candidate for parole to work release, where he can do treatment" in the community.

> For relief, Kackley asked the board
>
> to stop its long standing policy of denying inmates with sexually based convictions access to meaningful parole review prior to them having completed [sex offender treatment] in prison[;]
>
> . . . to comply with the law and to be given his individual parole hearing where the board would properly consider all the arguments presented in this petition, including, but not limited to, applicant's low recidivism scores, his minimum risk to society and his willingness to fulfill his obligations as a law abiding citizen[;]
>
> . . . [and] to properly consider that low risk "sex offenders," statistically, are the **least likely to reoffend** of any group of people.

After sixty days passed with no declaratory order from the board, Kackley's petition was deemed denied by operation of law. *See* Iowa Code § 17A.9(8) (providing that an administrative petition for declaratory judgment "is deemed to have been denied" if the agency has not issued an order within sixty days, after which the petitioner "may either seek judicial review or await further agency action").

3

Kackley proceeded with a petition for judicial review in April 2024, repeating the same arguments he made in the declaratory relief petition that he filed with the board. After briefing from the parties, the district court determined the issue before it was not whether the board erred in denying Kackley parole but whether the board acted unreasonably in failing to respond to his petition for declaratory relief. Under that reading, the court concluded that the board had a reasonable basis for its inaction and denied Kackley's petition.

Kackley asked the court to reconsider its ruling under Iowa Rule of Civil Procedure 1.904(2), challenging what he construed as the court's determination that "it lacked jurisdiction to hear petitioner's individual parole denial." The court summarily denied the motion. Kackley appeals.

## II. Standard of Review

"Our inquiry is strictly limited to whether the district court correctly applied the law." *UAW v. Iowa Dep't of Workforce Dev.*, No. 00-2112, 2002 WL 1285965, at *1 (Iowa June 12, 2002) (per curiam); *see also Houck v. Iowa Bd. of Pharmacy Exam'rs*, 752 N.W.2d 14, 16 (Iowa 2008) ("On judicial review of final agency action, we review for errors at law."). "The burden of proving error is on the party asserting it," which in this case is Kackley. *UAW*, 2002 WL 1285965, at *1.

## III. Analysis

The board argues that the "sole agency action identified by Kackley in his Iowa Code chapter 17A petition for judicial review was the [board's] failure to act upon his January 2024 request for declaratory order." As a result, the board contends the district court correctly limited its review to that action. We agree.

"Iowa Code section 17A.19(4) sets a moderately strict pleading standard for preserving issues in review of agency cases." *Off. of Consumer Advoc. v. Iowa State Com. Comm'n*, 419 N.W.2d 373, 375 (Iowa 1988). The petition must include "[t]he nature of the agency action which is the subject of the petition" and "[t]he particular agency action appealed from." Iowa Code § 17A.19(4)(a), (b). "[A]n opposing party is entitled to know the exact nature of the claimed errors, and each error must be separately and distinctly stated so an opponent can adequately prepare and respond to the issues being reviewed." *Kohorst v. Iowa State Com. Comm'n*, 348 N.W.2d 619, 621 (Iowa 1984).

While Kackley's petition for judicial review spoke about his parole denials in broad terms, the only stated error was: "The board has failed to respond in any manner and per Iowa Code 17A.[9](8) petitioner has deemed his petition for a declaratory order denied and is now seeking judicial review." As the board points out, "Kackley did not specifically identify any parole denial decision within his judicial review petition." Because "[n]otice pleading is not applicable to an appellate review proceeding under chapter 17A," *Kohorst*, 348 N.W.2d at 621, the district court was correct in limiting its review to the one error identified by Kackley in his petition, *see Campbell v. Iowa Beer & Liquor Control Dep't*, 366 N.W.2d 574, 576 (Iowa 1985) ("The court's authority in a judicial review proceeding is limited to review of the challenged agency action.").

Kackley argues that self-represented litigants like him should be held to "a less stringent standard." He is correct that we generally "construe pro se pleading more liberally." *Hering v. Iowa Dep't of Corr.*, No. 24-0267, 2025 WL 856163, at *3 (Iowa Ct. App. Mar. 19, 2025). "But we cannot rewrite a pro se litigant's petition to comport with the pleading requirements under

section 17A.19." *Id.*; *see also Goodwin v. Iowa Dist. Ct.*, 936 N.W.2d 634, 643 n.2 (Iowa 2019) ("It is not our role to rewrite a pro se pleading, nor can we act as the advocate for a pro se litigant.").

With the limits of our review defined, we turn to whether the district court erred in finding that the board acted reasonably by declining to respond to Kackley's declaratory relief petition.

"Judicial review of a declination to issue declaratory orders is far from de novo." *UAW*, 2002 WL 1285965, at *2. "The Iowa scheme accords considerable discretion to the agency, so long as it does not decline unreasonably, arbitrarily, or capriciously." *Id.*; *see also* Iowa Code § 17A.19(10)(n). In the district court proceedings, the board argued that it acted reasonably based on three administrative grounds:

> (3) The board of parole does not have jurisdiction over the questions presented in the petition.
>
> . . . .
>
> (5) The questions presented by the petition would be more properly resolved in a different type of proceeding or by another body with jurisdiction over the matter.
>
> . . . .
>
> (8) The petition is not based upon facts calculated to aid in the planning of future conduct but is, instead, based solely upon prior conduct in an effort to establish the effect of that conduct or challenge an agency action already made.

Iowa Admin. Code r. 205-4.9; Uniform Rule X.9(1)(3), (5), (8).[1]

---

[1] The board of parole has adopted several of our legislature's Uniform Rules on Agency Procedure, including those relating to declaratory orders. *See* Iowa Admin. Code

The district court focused on subsection (8), finding that

> Kackley was basing his petition "solely upon prior conduct," that being, the Board's failure to provide him what he claims was meaningful parole review, "in an effort to establish the effect of that conduct or challenge an agency action already made," that being, the Board's prior denial of his request to be granted early parole.

Kackley, however, argues that his parole hearings were "a mockery of due process, a sham proceeding with no meaningful chance to prevail" because he is "denied parole each and every year, for the same reason, failure to have completed sex offender treatment." As a result, Kackley contends that any future review would be equally meaningless. *Cf. Bonilla v. Iowa Bd. of Parole*, 930 N.W.2d 751, 786 (Iowa 2019) (determining an inmate seeking judicial review of allegedly unconstitutional action by the board of parole could establish the prejudice required by Iowa Code section 17A.19(10) because he "will have 'future recurring involvement' in parole proceedings").

We need not resolve this issue because we agree with the district court that subsection (5) also supported the board's decision. This subsection, as quoted above, permits the board to decline declaratory relief when the petition "would be more properly resolved in a different type of proceeding or by another body with jurisdiction over the matter." Iowa Admin. Code r. 205-4.9; Uniform Rule X.9(1)(5). As the board argues, it "could rightfully find that the questions Kackley presented through his petition were more properly resolved in a different type of proceeding—i.e. administrative appeal" from his parole denials. We therefore find nothing "unreasonable, arbitrary, or capricious" about the board's refusal to address Kackley's petition. *See UAW*, 2002 WL 1285965, at *2. The board is also correct that

---

ch. 205-4; 45 Iowa Admin. Bull. 2538 (Apr. 5, 2023). The provisions incorporated by rule 205-4.9 are available at: www.legis.iowa.gov/DOCS/Rules/Current/UniformRules.pdf.

if Kackley's argument is aimed at the department of corrections' requirement that he complete sex offender treatment in prison, that is more properly resolved through a postconviction relief proceeding. *See, e.g.*, *Belk v. State*, 905 N.W.2d 185, 191 (Iowa 2017) (holding that Iowa Code chapter 822 provided the proper procedural vehicle for an inmate to claim that a delay by the department of corrections in providing sex offender treatment unconstitutionally deprived him of a protected liberty interest in accessing parole).

For these reasons, we affirm the district court's ruling that the board provided a reasonable basis for its failure to act on the petition and its dismissal of Kackley's petition for judicial review.

**AFFIRMED.**