John Andrew De MORE, a Minor, by his father and next friend, Richard John De MORE and Richard John De More, Plaintiffs,

v.

Carl DIETERS, Defendant.

No. 69181.

Supreme Court of Iowa.

June 15, 1983.

Stanley E. Munger of Kindig, Beebe, Rawlings, Nieland & Killinger, Sioux City, for plaintiffs.

James W. Redmond of Gleysteen, Harper, Eidsmoe, Heidman & Redmond, Sioux City, for defendant.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, SCHULTZ and WOLLE, JJ.

WOLLE, Justice.

The United States District Court, Northern District of Iowa, has certified to us four questions of law involving the interpreta-

tion of two Iowa statutes. We respond to the questions pursuant to Iowa Code chapter 684A (1981) and rules 451–61 of the Iowa Rules of Appellate Procedure. Although the parties agree that the statutes in question are Iowa Code sections 123.4 and 233.1(3) (1981) and agree to the wording of the Questions of Law and Statement of Facts set forth below, the parties vigorously disagree about many other facts in this case. *See DeMore v. Dieters,* 676 F.2d 707 (8th Cir.1982). In responding to the certified questions, we express no opinion as to what are and what are not the facts in the case; we accept as true only the facts given in each individual question being answered and those recited in the following Statement of Facts provided us by the District Court.

### STATEMENT OF FACTS

The facts relevant to the questions certified showing fully the nature of the controversy in which the questions arose are as follows:

This case arises out of an accident on July 26, 1980, when John DeMore, age 16, was injured in a motorcycle accident when he drove it off a rural highway in Lyon County, Iowa. Plaintiffs alleged in this action that the defendant, Carl Dieters, "gave, sold or otherwise supplied to John DeMore beer, in violation of Section 123.47, the Code of Iowa, which constitutes negligence."

On the evening of July 26, 1980, Rick Williams and some of his friends got together for a party. Rick purchased some keg beer in South Dakota and brought it to a riverbank clearing on the edge of the defendant's farm, approximately one-half mile east of defendant's farmhouse. The defendant operates a farm in Lyon County. Rick was charging each of his friends $2.00 to drink from the keg.

John DeMore went to this party and drank some beer. He left and later that night while on his way to the party, he ran off the highway and had a motorcycle accident resulting in this lawsuit.

The defendant was not home when the party started. That night, the defendant and his wife went to a wedding with their neighbors and then went to the reception. They came home from the wedding at about 10:30 p.m. They learned of the party after they returned home. There is some dispute whether the people were asked to leave after defendant learned about the party. The defendant did not know the minor child, John Andrew DeMore, and did not have any contact with him prior to the lawsuit. However, there is some evidence that defendant gave permission to Rick Williams, as adult, to have a party on this property. There is a factual dispute whether defendant gave permission to Julie Williams, Rick's minor sister, to have this party. Defendant knew that Julie Williams was a minor and was not sure about Rick Williams, although Rick was an adult.

The suit was subsequently commenced by the plaintiff claiming that defendant was negligent for "otherwise supplying" beer to a minor child in violation of § 123.47 under the ruling of *Lewis v. State,* 256 N.W.2d 181 (Iowa 1977).

This claim is based upon the theory that since defendant gave permission for this party, he in essence supplied beer to the minor plaintiff. The parties agree that defendant did not give or sell beer to the plaintiff, but it is argued defendant "otherwise supplied" beer under the statute.

The first three certified questions relate directly to Iowa Code section 123.47 which provides:

No person shall sell, give, or otherwise supply alcoholic liquor or beer to any person knowing or having reasonable cause to believe him to be under legal age, and no person or persons under legal age shall individually or jointly have alcoholic liquor or beer in his or their possession or control; except in the case of liquor or beer given or dispensed to a person under legal age within a private home and with the knowledge and consent of the parent or guardian for bever-

age or medicinal purposes or as administered to him by either a physician or dentist for medicinal purposes and except to the extent that a person under legal age may handle alcoholic beverages and beer during the regular course of his or her employment by a liquor control licensee or beer permittee under this chapter.

I. The first certified question is whether a defendant can be held liable under section 123.47 for "otherwise supplying" beer to a minor child when the defendant gave permission for a beer party to be held on his property when he knew or should have known that minors would be present. We answer no. The statute does not prohibit the activity of defendant that is described in the question and statement of facts.

■ Our ultimate goal in interpreting statutes is to give effect to the intention of the General Assembly, and the legislative intent is to be gleaned from the statute as a whole, not from a particular part only. *Hartman v. Merged Area VI Community College*, 270 N.W.2d 822, 825 (Iowa 1978); *State v. Prybil*, 211 N.W.2d 308, 311 (Iowa 1973). In ascertaining legislative intent we are aided by several statutory and common law principles of statutory construction. Each statutory provision "shall be liberally construed with a view to promote its objects and assist the parties in obtaining justice." Iowa Code § 4.2 (1981). We are to presume that the entire statute is intended to be effective and that a reasonable result is intended. Iowa Code § 4.4(2), (3) (1981).

■ If a statute is ambiguous, we may consider such other factors as the legislative history, consequences of a particular construction, and the applicable preamble or statement of policy. Iowa Code § 4.6 (1981). Additionally, in construing ambiguous statutes containing both general and specific language, we have used specific rules of construction to determine the legislative intent. *Fleur de Lis Motor Inns, Inc. v. Bair*, 301 N.W.2d 685, 689–91 (Iowa 1981). Such rules of statutory construction, however, are to be used only when the terms of the statute are ambiguous. *LeMars Mutual*

*Insurance Co. of Iowa v. Bonnecroy*, 304 N.W.2d 422, 424 (Iowa 1981). The court must look to what the legislature said rather than what it should or might have said. Iowa R.App.P. 14(f)(13).

■ First, we believe that Iowa Code section 123.47 is not ambiguous as applied to the given facts. The intent of the legislature is to prevent under-age persons from having alcoholic liquor or beer in their possession except in certain expressly limited circumstances; that goal is accomplished in part by stating that "no person shall sell, give or otherwise supply alcoholic liquor or beer" to them. The plain and rational meaning of the verbs "sell," "give" and "supply" in that context seems clear. All three are active verbs and require that the person affirmatively deliver or transfer liquor or beer to the under-age person before a violation can occur.

■ Plaintiffs concede that defendant did not "sell" or "give" beer to the plaintiff. They argue, however, that "otherwise supply" means something much broader and different than the words "sell" and "give", a complete denial of minors' access to alcoholic beverages. They assert that when the defendant permitted minors to hold a beer party on his property he did "otherwise supply" beer. We find plaintiffs' argument inconsistent with the wording of the statute, the legislature's use of the active verb "supply" rather than more passive and expansive verbs such as "allow to have" or "permit to have."

We agree with plaintiffs that the provisions of Iowa Code chapter 123 should be liberally construed to accomplish the legislative purpose of protecting the people of Iowa from the evils of alcohol; it is the express public policy of the chapter

> that the traffic in alcoholic liquors is so affected with a public interest that it should be regulated to the extent of prohibiting all traffic in them, except as provided in this chapter.

Iowa Code § 123.1 (1981). "Traffic", however, is another word that connotes affirmative action—commerce, trade, or "the pass-

ing of goods or commodities from one person to another for an equivalent in goods or money." Black's Law Dictionary 1340 (5th ed. 1979). The given facts do not show defendant engaged in the traffic in beer or alcoholic liquor.

■ Even if the words "sell, give or otherwise supply" were to be considered ambiguous, we would not reach the result sought by plaintiffs. As noted, the statement of policy in Iowa Code section 123.1 (1981) does not assist plaintiffs, since defendant was not engaged in liquor or beer "traffic." Plaintiffs have not presented legislative history to support their position. Moreover, in construing ambiguous language in statutes we have previously followed the rule of statutory construction known as "ejusdem generis"; where general words follow specific words in an enumeration describing the legal subject, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words. *Fleur de Lis Motor Inns,* 301 N.W.2d at 690; 2A Sutherland, *Statutes and Statutory Construction* §§ 47.16, .17 (4th ed. C. Sands 1973). Since the words "sell" and "give" are more specific than "otherwise supply," the latter words should be construed to embrace meanings similar in nature to "sell" and "give" rather than the different and much broader meaning for which plaintiffs contend.

Because the legislative intent is to be gleaned from the statute as a whole, we also find worthwhile a comparison between Iowa Code section 123.47 and section 123.-49(2)(*h*) which is similar in purpose and provides in pertinent part:

> 2. No person or club holding a liquor control license or retail beer permit under this chapter, nor his agents or employees, shall do any of the following:
>
> . . . .
>
> *h. Sell, give, or otherwise supply* any alcoholic beverage or beer to any person knowing or having reasonable cause to believe him to be under legal age, *or permit any person* knowing or having reasonable cause to believe him to be

under legal age, *to consume* any alcoholic beverage or beer.

Iowa Code § 123.49(2)(*h*). (Emphasis supplied.) If the legislature had intended "otherwise supply" to have the broad meaning for which plaintiff contends it would not have used in section 123.49(2)(*h*) the broader language "permit any person . . . to consume" to bring about a broader proscription than is found in section 123.47.

■ II. The second certified question is whether section 123.47 permits a cause of action against a defendant even though he had nothing to do with purchasing or procuring the beer for the party. The given facts are not different from the first certified question and our answer again is no. Iowa Code section 123.47 (1981) does not prohibit the activity of defendant that is described in the statement of facts and the facts given in the question itself, for reasons set forth in our answer to the first certified question.

■ III. The third certified question is whether the granting of permission to minors to have a beer party on your property constitutes "otherwise supplying" beer as such is proscribed in section 123.47. We are troubled by the use of the phrase "on your property" but assume in answering the question we are again to accept as true the statement of facts provided by the United States District Court. For the reasons given in answer to the first certified question, our answer to the third certified question is no.

■ IV. The fourth certified question is whether a violation of section 233.1(3) sets a minimum standard of care for conduct generally required of the reasonably prudent man for purposes of proving a negligence claim. The referenced Iowa Code section provides in pertinent part:

> 233.1 Contributing to delinquency. It shall be unlawful:
>
> . . . .
>
> 3. To knowingly encourage, contribute, or in any manner cause such child to violate any law of this state, or any ordinance of any city.

Iowa Code § 233.1(3) (1981). The wording of the fourth question and the nature of the statute do not permit us to give a yes or no answer. We provide as our answer, with qualifications and reasons that follow, that Iowa Code section 233.1(3) does set a minimum standard of care and may in part form the basis for a civil cause of action, but proof of a violation of section 233.1(3) does not necessarily prove a negligence claim.

Our first qualification is necessitated by the wording of the question. Technically, a violation of a statute sets no legal standard; a violation is an act that fails to measure up to the legal standard set by the statute. We have elected, however, to answer the question as though it did not include the words "a violation."

 Our second qualification is based on the nature of Iowa Code section 233.1(3). The statute cannot be analyzed and understood without reference to some other specific law or ordinance, because section 233.- 1(3) is not violated unless a child has been encouraged, contributed or caused to violate "any law of this state, or any ordinance of any city." The standard of care which section 233.1(3) requires of a person may vary depending upon what other law or ordinance is involved. Neither this fourth certified question nor the statement of facts discloses precisely what other law or ordinance is here involved. Being unable to anticipate and analyze every law and ordinance that a minor person might be encouraged or somehow caused to violate, we cannot and do not here decide when civil liability may result from each alleged violation of Iowa Code section 233.1(3). Our analysis in each instance, however, would be similar to that which was applied to Iowa Code section 123.43 (1966) in *Lewis v. State*, 256 N.W.2d 181 (Iowa 1977). There, we reviewed Iowa cases defining negligence, cited with approval the Restatement, Second, Torts §§ 285–86 and Prosser, Torts, section 36 (4th Ed.), and held:

In light of the foregoing authorities and the declared policy of chapter 123 it is our view section 123.43 sets a minimum standard of care for conduct generally required of the reasonably prudent man under like circumstances for purposes of a common law action of negligence based on the sale or the furnishing of intoxicating liquor.

*Lewis,* 256 N.W.2d at 189. By our qualified answer to the fourth certified question we suggest that the United States District Court apply this same analysis to section 233.1(3) and such other law or ordinance as plaintiffs allege is involved in its violation, thereby determining whether such a criminal law violation should also give rise to civil liability.

CERTIFIED QUESTIONS ANSWERED.