RANDALL'S INTERNATIONAL INC. d/b/a Randall Foods, North Grand Shopping Center, Ames, Iowa 50010, Appellant,

v.

The HEARING BOARD OF the IOWA BEER & LIQUOR CONTROL DE-PARTMENT, the Iowa Beer & Liquor Control Department, and the City of Ames, Iowa, Appellees.

No. 87–530.

Supreme Court of Iowa.

Sept. 21, 1988.

Rehearing Denied Oct. 13, 1988.

Robert W. Goodwin, Ames, for appellant.

Thomas J. Miller, Atty. Gen., Lynn W. Walding, Asst. Atty. Gen., and John R. Klaus, City Atty., Ames, for appellees.

Considered by LARSON, P.J., and SCHULTZ, CARTER, NEUMAN and SNELL, JJ.

CARTER, Justice.

Randall's International, Inc. (Randall Foods), a retail grocery establishment, appeals from the district court's order affirming a decision of the Iowa Beer and Liquor Control Department (the agency) to suspend its class "C" beer permit for one week as a consequence of one of its employees having pled guilty to selling beer to a minor. Randall Foods contends that (1) Iowa Code section 123.50(3) (1985), which authorizes suspension of a grocery store owner's beer permit upon proof that an employee of the store has been convicted of selling beer to a minor, violates due process by creating an impermissible standard of vicarious liability and an irrebuttable presumption of guilt; and (2) the district court erred in ruling that the issuance of a beer permit conveys no property interest entitled to due process protections under the fourteenth amendment to the federal constitution. Because we conclude that Randall Foods' arguments on the merits fail to establish a denial of due process, we affirm the judgment of the district court on that basis without considering whether a constitutionally protected property interest is at stake.

On August 23, 1985, the police in Ames conducted a "sting" operation by sending a

minor to attempt to purchase beer at thirty-four establishments licensed to sell beer in that city. A cashier from Randall Foods was later charged with selling beer to a minor during that operation. Randall Foods' night manager knew of the citation but did not know that a court date was set. Subsequent attempts by Randall Foods' general manager to reach the employee proved to be fruitless. On August 26, the employee pled guilty to selling beer to a minor in violation of Iowa Code section 123.49(2)(h), was adjudged guilty on such plea and was sentenced to pay a fine.

As a result of the employee's conviction, the Ames City Council, as local issuing authority for Randall Foods' class "C" beer permit, voted to suspend that license for a two-week period from December 18, 1985, to January 1, 1986. On administrative appeal to the hearing board of the respondent agency, the suspension was reduced to one week but otherwise upheld. The final agency order was issued May 12, 1986. On March 27, 1987, the district court affirmed the agency's decision.

■ The constitutional challenge lodged by Randall Foods to the agency's suspension order is directed at the statutory scheme under which the suspension was invoked. Randall Foods urges that Iowa Code section 123.50(3) (1985) violates due process because it authorizes an administrative sanction against the license holder based entirely on the isolated act of a non-managerial employee and without regard to whether the license holder itself was culpable in hiring, training, or supervising the offending party. Although we agree that the statutory scheme does appear to permit sanctions against a licensee without regard to direct managerial culpability, we are not convinced that this potentiality offends against the federal due process clause.

Randall Foods urges that its constitutional arguments find support in the Court's observations in *United States v. Park*, 421 U.S. 658, 95 S.Ct. 1903, 44 L.Ed.2d 489 (1975). It reads into that decision a constitutionally mandated requirement that some neglect of the principal be established in

order to impose vicarious liability for a state imposed sanction aimed at a protected liberty or property interest.

At the outset, we note that the *Park* decision did not directly apply the due process clause. The Court was reviewing the sufficiency of jury instructions to present the elements the government must prove to gain a conviction under a federal criminal statute. The Court approved an instruction that the president of a large national food chain could be criminally liable for either permitting or not acting to prevent rodent contaminated food shipments in interstate commerce. The Court suggested that the statute in question imposed on persons exercising supervisory authority both a duty to seek out and remedy violations and a duty to implement measures to insure that violations will not occur. *Park*, 421 U.S. at 673, 95 S.Ct. at 1911, 44 L.Ed.2d at 501.

We considered the impact of the *Park* decision and the earlier cases of *Morissette v. United States*, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952), and *United States v. Dotterweich*, 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48 (1943), in *Iowa City v. Nolan*, 239 N.W.2d 102 (Iowa 1976). At that time we concluded these cases recognize that certain types of public welfare legislation may dispense with "awareness of wrongdoing" as an element of the proscribed conduct. *Nolan*, 239 N.W.2d at 104. In *Dotterweich*, the Court described this approach as follows:

In the interest of the larger good it puts the burden of acting at hazard upon a person otherwise innocent but standing in responsible relation to a public danger.

*Dotterweich*, 320 U.S. at 281, 64 S.Ct. at 136, 88 L.Ed. at 51.

We applied this principle in *Nolan* in order to uphold traffic offenses charged against the owner of an illegally parked automobile. In discussing the vicarious liability issue, we considered the case of *Commonwealth v. Koczwara*, 397 Pa. 575, 155 A.2d 825 (1959), *cert. denied*, 363 U.S. 848, 80 S.Ct. 1624, 4 L.Ed.2d 1731 (1960), which, like the present case, involved beer sales to minors. In *Koczwara* the court concluded

that although an individual's liberty interest may perhaps not be constitutionally encroached based on an employee's error of judgment, economic sanctions may validly result therefrom in a regulated enterprise. It upheld the conviction, for purposes of imposing a criminal fine, of the proprietor of a liquor establishment whose employees had made a prohibited sale.

The *Nolan* and *Koczwara* decisions and the federal decisions which we have discussed all involve criminal sanctions which were upheld as valid public welfare legislation. The reasoning which supports those decisions within the context of a criminal statute is, we believe, all the more forceful when applied to administrative agency regulation. Randall Foods' arguments on the vicarious liability issue do not convince us that there was any violation of due process with respect to the suspension of its class "C" beer permit.

 We also have considered and reject Randall Foods' contention that the suspension of its beer permit was based on an unconstitutional presumption of its own culpability based on the criminal conviction of its employee. Section 123.50(3) provides:

> If any ... beer permittee, *or employee of a licensee or permittee* is convicted of a violation of section 123.49, subsection 2, paragraph *"h"* [illegal sale to a minor,] ... the administrator or local authority shall, in addition to the other penalties fixed for such violations [assess a prescribed period of suspension].

(Emphasis added.) The statute is written so as to make the conviction of the licensee's employee the prohibited act upon which the principal's license revocation is based. As observed in *State v. Conner,* 377 N.W.2d 664, 665 (Iowa App.1985):

> [C]ertain crimes may be defined as strict liability or prohibited acts and ... if this is properly classified as such, there is no constitutional violation.... Strict liability offenses, if properly classified, do not involve irrebuttable presumptions, but flatly prohibit the doing of a particular act.

*Id.* at 665. *See also State v. Drake,* 219 N.W.2d 492, 496 (Iowa 1974).

Finally, we conclude, contrary to Randall Foods' assertion to the contrary, that the hearing procedure accorded under Iowa Code section 123.39 (1985) is adequate to satisfy procedural due process requirements. It is untenable to suggest, as Randall Foods does, that it should have been accorded a right of participation in its employee's criminal proceeding as an element of due process in the license suspension proceedings. We have considered all arguments advanced and find no basis for overturning the orders of the agency or the district court. The judgment of the district court is affirmed.

AFFIRMED.