**Todd BAUER, Richard L. Bauer and Janet Bauer, Appellants,**

v.

**Brad COLE and Carol Cole, Appellees.**

**No. 89–1286.**

Supreme Court of Iowa.

March 20, 1991.

Gaylen V. Hassman of Engelbrecht, Ackerman & Hassman, Waverly, for appellants.

Gene Yagla and John A. Stitely of Lindeman & Yagla, Waterloo, for appellees.

Considered by HARRIS, P.J., and SCHULTZ, LAVORATO, NEUMAN, and ANDREASEN, JJ.

SCHULTZ, Justice.

Todd Bauer was seriously injured shortly after midnight on January 1, 1981, in a one-vehicle accident while a passenger in a vehicle driven by Scott Dann. Todd and his parents, Richard L. and Janet Bauer, have settled with Scott and his father, the owner of the vehicle. In this action, the Bauers claim that defendants Brad and Carol Cole, hosts of a New Year's Eve party which Todd and Scott attended, supplied and made beer available to Scott causing his intoxication which in turn caused the accident.

The Coles initially moved for summary judgment on the ground that there was no statutory or common-law basis for liability of a social host for supplying beer to a person under the legal drinking age in violation of Iowa Code section 123.47 (1981). The district court granted the Coles summary judgment. We granted an interlocutory appeal and reversed this summary judgment. We held that Iowa's dramshop statute does not preempt a common-law claim against social hosts for supplying alcohol to a person under the legal drinking age. *Bauer v. Dann,* 428 N.W.2d 658 (Iowa 1988).

During the jury trial, there were many and varied factual disputes over the events that transpired at the party over eight years before. The primary factual issue was whether Scott had consumed beer at the Coles' party. A jury rendered a verdict in favor of the Coles, finding that they had not been negligent or at fault.

Plaintiffs have appealed and defendants have cross-appealed. Plaintiffs raise three issues contending that the trial court erred:

(1) in its jury instructions; (2) in limiting the impeachment of a witness with evidence of a prior inconsistent statement; and (3) in permitting the reading of certain portions of a pretrial deposition to the jury. Since we find no merit in any of the three issues raised on appeal, we need not address the cross-appeal. Consequently, we affirm the trial court.

I. *Jury instructions.* Plaintiffs challenge the validity of the court's marshaling instructions and further contend that the court failed to give requested instructions. We address these contentions in order.

A. *Marshaling instructions.* The trial court submitted the plaintiffs' negligence claim on the basis of a violation of Iowa Code section 123.47 (1981), a criminal statute. For some time we have recognized that providing intoxicants to a minor in violation of a criminal statute gives rise to common-law, civil liability. *Lewis v. State,* 256 N.W.2d 181, 187–89 (Iowa 1977). The statute prohibiting supplying alcohol to a minor sets "a minimum standard of care for conduct generally required of the reasonably prudent man under like circumstances for purposes of a common law action of negligence based on the sale or furnishing of intoxicating liquor." *Id.* at 189. Previously, we approved a common-law action of negligence against a social host. *Bauer,* 428 N.W.2d at 661; *Clark v. Mincks,* 364 N.W.2d 226, 230 (Iowa 1985).[1]

Plaintiffs argue, however, that a social host need not have knowledge of the act of giving or supplying beer to a minor to be found civilly liable under the criminal statute in section 123.47. In its marshaling instructions, the court required that plaintiffs prove defendants "knowingly gave or otherwise supplied beer to Scott Dann." In objecting to this instruction, plaintiffs requested the court to remove the word "knowingly." In overruling plaintiffs' objection, the court indicated that a violation of section 123.47 is an offense that requires proof of general intent to violate the law.

■ The first question presented is whether section 123.47 requires proof of

criminal intent in a criminal prosecution. Section 123.47 provides that no person shall "sell, give, or otherwise supply ... beer to any person knowing or having reasonable cause to believe" the person to be under legal age. This section has no express requirement of general criminal intent. However, on a number of occasions, we have construed a statute to include criminal intent as an element of proof without the benefit of language to that effect. *State v. Conner,* 292 N.W.2d 682, 685 (Iowa 1980) (citations omitted). Whether a criminal statute requires criminal intent or guilty knowledge as an element of proof is to be determined as a matter of statutory construction. *State v. Dunn,* 202 Iowa 1188, 1189, 211 N.W. 850, 851 (1927) (citations omitted).

■ One of our previous cases which interpreted a similar statute provides an answer. We concluded that the legislature did not intend to eliminate general criminal intent for the crime of offering or making beer available to a minor in violation of Iowa Code section 124.20 (1950). *State v. Schultz,* 242 Iowa 1328, 1334, 50 N.W.2d 9, 12 (1951). We stated, "[W]hile an intent to break the law is not essential, a knowledge of the act itself is required, at least in the absence of expressed legislative intent otherwise." *Id.* at 1332, 50 N.W.2d at 11. We held that "[i]t was incumbent upon the State to prove that the sale to the minor was made with the knowledge, or by the direction, sanction or approval of the defendant." *Id.* at 1334, 50 N.W.2d at 12. Although the statute in *Schultz* is not identical to section 123.47, the prohibited conduct is similar. Therefore, we conclude that defendants' knowledge of the transaction must be shown to prove a criminal violation under section 123.47.

■ Likewise, we believe that proof of knowledge is also a required element in a common-law negligence action based on a violation of section 123.47. We suggested this result in *DeMore v. Dieters,* 334 N.W.2d 734, 736–37 (Iowa 1983). In inter-

---

**1.** The legislature amended Iowa Code section 123.49(1) for the express purpose of overturning our holding in *Clark v. Mincks.* 1986 Iowa Acts ch. 1211, § 11.

preting section 123.47, we stated that the plain meaning of the verbs "sell," "give," and "supply" "are active verbs and require that the person affirmatively deliver or transfer liquor or beer to the under-age person before a violation can occur." *Id.* at 737. We held that a farmer could not be liable for supplying beer to a minor when he merely gave permission for a beer party to be held on his property. *Id.* at 738. We now enlarge upon *DeMore* and conclude that in this civil action based on a violation of section 123.47, plaintiffs must show that defendants acted with knowledge in supplying beer to Scott Dann. Thus, we hold that the trial court correctly instructed on the knowledge element of proof.

B. *Failure to give requested instructions.* On appeal, plaintiffs complain that proposed instructions 7 and 9 were not given. These requested instructions dealt with the definition of negligence in terms of a failure to exercise ordinary care and listed over twenty particulars under which defendants were negligent. These particulars were not based on the violation of a criminal statute. Also, we can state candidly that most of the grounds of negligence plaintiffs suggest are not established as standards of conduct by either legislative enactments or judicial decisions. However, we need not determine whether other recognized standards of conduct exist that a jury may consider in determining whether a person is liable for allowing others to become dangerously intoxicated. Plaintiffs failed to preserve error in this respect.

Before taking objections to the proposed jury instructions, the court indicated that it had received both parties' requested instructions and, with two exceptions, was overruling these requested instructions. Neither party made any further objections to the court's failure to give any of the requested instructions or parts thereof.

■■■■ Error preservation for requested instructions is detailed in Iowa Rule of Civil Procedure 196. This rule requires,

[A]ll objections to giving or failing to give any instruction must be made in writing or dictated into the record ... specifying the matter objected to and on what grounds. No other grounds or objections shall be asserted thereafter, or considered on appeal.

When a court refuses to give requested instructions, the objecting party must preserve error by timely specifying that part of the instruction which was requested and refused. In addition, the objecting party must identify the particular points of law or questions of fact on which the court supposedly erred by failing to instruct. *State v. Baskin*, 220 N.W.2d 882, 886 (Iowa 1974). Plaintiffs did not follow the procedure required by rule 196. Thus, the trial court did not have an opportunity to rule on or correct the error which plaintiffs now argue to this court. Consequently, under rule 196, we must decline plaintiffs' request to consider the grounds of negligence suggested in their requested instructions 7 and 9.

II. *Evidence.* On appeal, plaintiffs claim the trial court erred by prohibiting the admission of their exhibit 154, a typed transcript of a telephone interview between an insurance investigator and a defense witness. They urge that the exhibit was admissible pursuant to Iowa Rule of Evidence 613(b) to show prior inconsistent statements made by the defense witness. The trial court never ruled directly on the admissibility of the exhibit. Instead, the court disallowed the investigator's testimony concerning the exhibit based on its determination that the foundational requirements of rule 613(b) were not met.

The trial court was presented with a difficult issue in determining whether the foundational requirements of rule 613(b) were satisfied. Plaintiffs, in cross-examining the defense witness, produced an unsworn and unsigned transcript of the telephone interview. The witness testified that he did not recall the interview and could not deny or admit that it took place. Rule 613(b)[2] requires that the witness be of-

2. Rule 613(b) provides as follows:
Extrinsic evidence of a prior inconsistent statement by a witness is not admissible un-

less the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interro-

fered an opportunity to explain or deny an alleged inconsistent statement. Plaintiffs only asked the witness if he talked to the investigator and did not interrogate the witness on the specific answers that are now claimed to be inconsistent with the prior testimony. Rather than address the issue of proper foundation, we first determine whether the witness made a prior inconsistent statement, and if so, whether the court's ruling prejudiced plaintiffs.

 Two principles aid in our determination. First, a previous statement of a witness cannot be used for impeachment unless the present testimony is at material variance with the prior statement. *State v. Davis*, 328 N.W.2d 301, 304 (Iowa 1982). Second, excluding evidence of prior inconsistent statements that are used to impeach a witness is not reversible error in the absence of prejudice to the examining party. *Wagner v. Larson*, 257 Iowa 1202, 1226, 136 N.W.2d 312, 326 (1965); *Mead v. Scott*, 256 Iowa 1285, 1295, 130 N.W.2d 641, 646 (1964).

 Plaintiffs' most serious complaint of inconsistency is the witness's trial testimony that Todd and Scott did not drink beer at defendants' home. Plaintiffs point out that in an answer to a question by the investigator the witness stated, "I'm sure they [Todd and Scott] might have had a couple [beers]." The transcript reveals, however, that this was merely an opinion and that the witness further stated to the investigator, "I just wasn't really paying attention to them.... I can't really say that they were in there drinking up or anything." Considering the statements in the transcript together as a whole, we see little material variance between these statements and the trial testimony. Even if we assume these statements to be inconsistent, the testimony in the transcript, when considered as a whole, was so innocuous that its wrongful deletion could not be prejudicial to plaintiffs.

Additionally, plaintiffs contend that there were other inconsistencies between the prior statements of the defense witness and

gate him thereon, or the interests of justice

his trial testimony. Our review of the record shows that these inconsistencies were insignificant and would not fall into the category of material variances. Plaintiffs did fully impeach the witness with another affidavit signed by the witness. When the record is viewed as a whole, we believe that plaintiffs' complaints are insignificant and that they have not been prejudiced by the trial court's ruling prohibiting admission of plaintiffs' exhibit 154.

III. *Deposition.* At the time of trial, Scott was a Florida resident who returned to Iowa for the sole purpose of testifying at trial. He testified on behalf of plaintiffs. Defendants also subpoenaed Scott as their witness; however, he returned to Florida and was not available to provide further evidence to defendants.

 The trial court allowed defendants to read into evidence portions of Scott's previous deposition pursuant to Iowa Rule of Civil Procedure 144(c) and Iowa Rule of Evidence 804(b)(1). Plaintiffs claim that the trial court abused its discretion in allowing this testimony to be read. Our own review of the record reveals that this evidence was neither irrelevant nor unreasonably cumulative. Thus, the trial court did not abuse its discretion.

IV. *Conclusion.* We find no merit in any of the three issues plaintiffs raise on appeal. Therefore, we affirm the trial court in all respects.

AFFIRMED.