Terry SNYDER, Appellant,

v.

Mark FISH and Kathy Fish, Appellees.

No. 94–0471.

Court of Appeals of Iowa.

Aug. 17, 1995.

E. Terry Sibbernsen of E. Terry Sibbernsen, P.C., Omaha, NE, and Richard B. Maher of Marks & Clare, Omaha, NE, for appellant.

Mark L. Tripp of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellees.

Considered by DONIELSON, C.J., and HAYDEN and HUITINK, JJ.

HAYDEN, Judge.

Mark and Kathy Fish are the parents of Shad Fish. On August 8, 1992, Shad, who was then nineteen years old, was living with his parents in Villisca. On this day, the Fishes left at about 6 p.m. and went to some stock car races in Corning. They left Shad and his younger sister at home for the evening. Shad had invited some of his friends over, and they arrived at about 7:30 p.m. According to Shad, some of these friends brought a keg of beer with them.

Later in the evening, between 9:30 and 10 p.m., two carloads of people from Red Oak came to the party in Villisca. Bill Barr, Eric Nelson, Lyle Siegworth, and Jason Staley came in Nelson's car, with Barr driving. Craig Lasley and Terry Snyder rode with Mike McFarland in his car. McFarland was under the legal age for drinking alcohol. There was testimony he and the others drank from the keg of beer at the Fishes' residence.

Shad testified he asked everyone to leave at 10:15 p.m. because some people had been getting loud. Nelson and Lasley testified they left the Fishes' residence at about 10:30 p.m. The Fishes testified they got home between 10:20 to 10:40 p.m. and did not see any signs of a party at their house. Shad stated, after his parents got home, he told them he had asked some friends over.

After leaving the party, the Red Oak group went to the Casey's store in Villisca. Some members of the group talked to Pete Rebitzke, who stated he was on his way to Shad's party. Rebitzke testified he arrived at the party at about 10:40 to 10:50 p.m. and stayed for about thirty minutes. In an affidavit, Pete Waltz stated he arrived at the party at about 10:30 p.m. and did not leave until 12:30 a.m.

After the Red Oak group left Casey's they began to drive back to Red Oak. The cars had the same passengers and drivers as on the trip to Villisca. The two cars took turns passing each other. McFarland overturned his vehicle, which caused injuries to Snyder. The accident occurred at 11:10 p.m.

Snyder filed suit against the Fishes, claiming they had violated Iowa Code section 123.47 and were negligent in providing alcoholic beverages to McFarland, who was a minor. He claimed McFarland became intoxicated as a result of receiving alcoholic beverages from the defendants, which caused him to operate his motor vehicle in a manner which caused Snyder severe and permanent injuries.

Defendants filed a motion for summary judgment. They claimed they did not give permission for a party to be held on their property and had no knowledge of the party. Plaintiff claimed there was a genuine issue of material fact as to whether the party was still going on when the Fishes arrived home, and thus, whether they knew alcohol was being served to minors at their home.

The district court granted the motion for summary judgment. The court found section 123.47 requires a plaintiff to prove defendants knowingly gave or transferred an alcoholic beverage to a minor. The court determined mere permission for a beer party was insufficient, there must be evidence defendants engaged in an affirmative act to give or transfer an alcoholic beverage to a minor for there to be a violation of section 123.47. Plaintiff appealed.

Plaintiff contends the district court erred in granting defendants' motion for summary judgment. He claims there is a genuine issue of material fact as to whether defendants knowingly sold, gave, or otherwise supplied alcohol to minors. Plaintiff states there is a fact question concerning whether the party was still going on when defendants came home and this raises a question as to whether they knew alcohol was being served to minors at their home on August 8, 1992.

Plaintiff also contends the district court used an incorrect rule of law in interpreting section 123.47. He believes this section should impose liability on an adult who allows or permits a minor to drink alcoholic beverages on his or her property.

■ Under Iowa Rule of Civil Procedure 237, summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. On appeal of a summary judgment ruling, we must decide whether a genuine issue of material fact exists and if the law was correctly applied. *Ottumwa Housing Auth. v. State Farm Fire & Casualty Co.*, 495 N.W.2d 723, 726 (Iowa 1993).

The party moving for summary judgment has the burden of showing the nonexistence of a genuine issue of material fact. *Hofco, Inc. v. National Union Fire Ins. Co.*, 482 N.W.2d 397, 400 (Iowa 1992). The resisting party should be afforded every legitimate inference that can reasonably be deduced from the evidence. *Id.* A fact question is generated if reasonable minds could differ on how the issue should be resolved. *Hoefer v. Wisconsin Educ. Ass'n Trust*, 470 N.W.2d 336, 338 (Iowa 1991).

■ Providing intoxicants to a minor in violation of section 123.47 gives rise to a common-law civil liability. *Bauer v. Cole*, 467 N.W.2d 221, 223 (Iowa 1991). This section sets a minimum standard of care for conduct generally required of the reasonably prudent person under like circumstances for purposes of a common-law action of negligence based on the sale or furnishing of intoxicating liquor. *Id.* Section 123.47 provides, in pertinent part:

A person shall not sell, give, or otherwise supply alcoholic liquor, wine, or beer

to any person knowing or having reasonable cause to believe that person to be under the age of eighteen,....

■ We determine the district court applied the correct law in this case. To prevail on a common-law negligence claim based on section 123.47, a plaintiff must prove the defendants' knowing and affirmative delivery of the beer to the underage person. *Fullmer v. Tague*, 500 N.W.2d 432, 434 (Iowa 1993). The terms "sell," "give," and "supply" as used in section 123.47 require the person affirmatively deliver or transfer liquor to the underage person before a violation can occur. *De More v. Dieters*, 334 N.W.2d 734, 737 (Iowa 1983). Merely permitting or allowing beer to be consumed on the defendants' premises is not sufficient to trigger liability under the statute. *Fullmer*, 500 N.W.2d at 434.

■ We find there is a genuine issue of fact as to whether the Fishes came home before Shad's party ended. However, this issue is not material to the outcome of the case because there is no evidence defendants affirmatively delivered or transferred beer to any minors. Even if we assume defendants tacitly permitted the beer party by allowing it to continue after they came home, we cannot find them liable under section 123.47. There was no evidence defendants provided the beer or had hosted the party. Plaintiff presented no evidence to show defendants were present at the party.

We conclude plaintiff failed to show defendants engaged in any conduct which would violate section 123.47; and therefore, summary judgment is appropriate. We affirm the decision of the district court granting summary judgment to defendants. Costs of this appeal are assessed to plaintiff-appellant.

**AFFIRMED.**