STATE of Iowa, Appellee,

v.

CASEY'S GENERAL STORES,
INC., Appellant.

State of Iowa, Appellee,

v.

Hy–Vee, Inc., Appellant.

No. 97–1123.

Supreme Court of Iowa.

Nov. 25, 1998.

Andrew J. Bracken and Jennifer A. Benning of Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, P.C., Des Moines, for appellant Casey's.

Kerry A. Finley and Kermit Anderson of Finley, Alt, Smith, Scharnberg, May & Craig, P.C., Des Moines, for appellant Hy–Vee.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, and Charles A. Stream, County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

TERNUS, Justice.

This consolidated appeal involves simple misdemeanor convictions of two corporations whose employees sold alcoholic beverages to underage customers during a "sting" operation by the local police. The corporations argue they cannot be held criminally responsible for their employees' actions under the circumstances presented. We agree and so reverse their convictions and remand for dismissal of the criminal charges.

## I. Background Facts and Proceedings.

The factual predicate for the charges at issue here is undisputed. Both appellants, Casey's General Stores, Inc. and Hy–Vee, Inc., operate stores in Oskaloosa, Iowa. On October 26, 1996, cashiers in both stores sold alcoholic beverages to underage customers without requiring identification or attempting to ascertain the customer's age. These sales violated policies and procedures established by the corporations to prevent the sale of alcoholic beverages to minors.

Both corporations were charged with the crime of selling alcoholic beverages to an underage person in violation of Iowa Code sections 123.47 and 123.49(2)(h) (1995). These simple misdemeanor charges were tried to the court and both defendants were found guilty. Their convictions were affirmed on appeal to the district court. We then granted discretionary review. See Iowa Code § 814.6(2)(d).

## II. Issues on Appeal and Standard of Review.

The defendants allege procedural defects in the citation, summons and service of the charges; they also raise constitutional claims related to their convictions. We need not reach these issues, however, because we find merit in the defendants' contention that the evidence cannot sustain their convictions under sections 123.47 and 123.49(2)(h).

Casey's and Hy–Vee argue that there is no evidence that they, as corporate entities, engaged in culpable conduct so as to directly violate sections 123.47 and 123.49(2)(h). The State does not contest this assertion, but rather relies on the corporations' alleged vicarious responsibility for their employees' actions. The State first contends that corporate liability for illegal sales made by an employee is implicit in sections 123.47 and 123.49(2)(h). Alternatively, the State claims Iowa Code section 703.5(1) imposes vicarious liability upon corporate employers under the facts presented here.

The precise claim in this appeal is based on the alleged insufficiency of the evidence to support the verdict. We review the record in the light most favorable to the

State in assessing the sufficiency of the evidence. *See State v. Milner,* 571 N.W.2d 7, 10 (Iowa 1997). The determinative question, however, is whether the statutes in question render corporate defendants criminally responsible for the actions of their employees in selling alcoholic beverages to a minor in contravention of company policies and procedures. We review the trial court's interpretation of the relevant statutes for correction of errors of law. *See State v. Francois,* 577 N.W.2d 417, 417 (Iowa 1998); *State v. White,* 563 N.W.2d 615, 617 (Iowa 1997).

 The primary rule of statutory interpretation is to give effect to the intention of the legislature. *See White,* 563 N.W.2d at 617. To ascertain that intent, we look to the language of the statute. *See id.* We consider not only the commonly understood meaning of the words used in the statute, but also the context within which they appear. *See Lockhart v. Cedar Rapids Community Sch. Dist.,* 577 N.W.2d 845, 847 (Iowa 1998); Iowa Code § 4.1(38). Finally, we construe statutes that relate to the same or a closely allied subject together so as to produce a harmonious and consistent body of legislation. *See State v. McSorley,* 549 N.W.2d 807, 809 (Iowa 1996). We turn now to a review of the pertinent statutes.

III. *Do Sections 123.47 and 123.49(2)(h) Impose Vicarious Liability on a Licensee or Permittee for the Sale of Alcohol to a Minor?*

 Section 123.47 prohibits the sale of alcohol to a minor:

A person shall not sell ... alcoholic liquor, wine, or beer to any person knowing or having reasonable cause to believe that person to be under the age of eighteen....

Section 123.49(2)(h) contains a similar prohibition:

A person or club holding a liquor control license or retail wine or beer permit under this chapter, and the person's or club's agents or employees, shall not....

....

h. Sell, give, or otherwise supply any alcoholic beverage, wine, or beer to any person, knowing or failing to exercise reasonable care to ascertain whether the person is under legal age....

The State argues that the evidence supports the defendants' convictions for violating these statutes under the following rationale.

The State first points out that the statutory prohibitions apply to a "person," and that word is defined to include a corporation. *See* Iowa Code § 123.3(25). Because a corporation can act only through an employee, the State reasons that the legislature must have contemplated criminal liability for corporations based on the acts of their employees. We find this analysis unpersuasive because these statutes do not impose vicarious liability.

 Vicarious liability occurs when "one [person] is made liable, though without personal fault, for the bad conduct of someone else." *See* Wayne R. La Fave & Austin W. Scott, Jr., *Criminal Law* § 3.9, at 250 (2d ed.1986) [hereinafter "La Fave, *Criminal Law*"]; *see also Randall's Int'l Inc. v. Hearing Bd.,* 429 N.W.2d 163, 165 (Iowa 1988) (holding permittee was vicariously liable under section 123.50(3) for employee's sale of beer to a minor for purposes of administrative regulation). This doctrine is contrary to the "basic premise of criminal justice that crime requires personal fault." La Fave, *Criminal Law* § 3.9, at 250; *accord* John J. Yeager, *Ten Years with the Iowa Criminal Code,* 38 Drake L.Rev. 831, 847 (1988–89). As La Fave explains in his treatise on criminal law,

It is a general principle of criminal law that one is not criminally liable for how someone else acts, unless of course he directs or encourages or aids the other so to act. Thus, unlike the case with torts, an employer is not generally liable for the criminal acts of his employee even though the latter does them in furtherance of his employer's business. In other words, with crimes defined in terms of harmful acts and bad thoughts, the defendant himself must personally engage in the acts and personally think the bad thoughts, unless, in the case of a statutory crime, the legislature has otherwise provided.

La Fave, *Criminal Law* § 3.2(f), at 202; *accord id.* § 3.9(a), at 251. Thus, if a statutory crime requires mental fault, "it is the rule that the employer must personally know or be wilful or have the requisite intention [before he will] be liable for the criminal conduct of his employee...." *Id.* at 252.

We begin, therefore, with an examination of the statutes to determine whether they require mental fault or whether they impose strict liability.[1] Such an examination reveals that a mens rea element is included in both crimes.

We had the opportunity to consider whether section 123.47 required mental fault in *Bauer v. Cole*, 467 N.W.2d 221 (Iowa 1991), a negligence case premised on a violation of section 123.47. In that case, the plaintiffs, an injured minor and his parents, sued the hosts of a New Year's Eve party for injuries sustained by the minor in an automobile accident. *Bauer*, 467 N.W.2d at 222. The plaintiffs alleged the defendants had provided liquor to the minor driver causing his intoxication, which in turn caused the accident. *Id.* The plaintiffs appealed from an adverse jury verdict, claiming error in the instruction submitting the plaintiffs' negligence claim based on section 123.47. *Id.* at 223.

In the challenged instruction, the trial court had required the plaintiffs to prove the defendants had knowingly supplied alcohol to the minor driver. *Id.* The plaintiffs argued that knowledge was not an element of the offense. *Id.* In ruling that the instruction was correct, this court held that section 123.47 requires proof of the defendants criminal intent: "[W]e conclude that defendants' knowledge of the transaction must be shown to prove a criminal violation under section 123.47." *Id.; accord* La Fave, *Criminal Law* § 3.9(a), at 252 (stating if the statutory crime is worded in language such as "knowingly," "wilfully," or "with intent to," the statute requires mental fault).

We think the same conclusion is appropriate with respect to section 123.49(2)(h). Section 123.49(2)(h) requires that the defendant sell the alcoholic beverage "knowing or failing to exercise reasonable care to ascertain whether the person is under legal age." Iowa Code § 123.49(2)(h). Similarly, section 123.47 requires that the defendant "know[ ] or hav[e] reasonable cause to believe" that the person buying the alcoholic beverage is under the age of eighteen. *Id.* § 123.47. The similar language of section 123.49(2)(h) calls for the same interpretation given to section 123.47 in *Bauer*, namely, that proof of the defendant's criminal intent is required for a criminal violation. Thus, a licensee or permittee cannot be held strictly criminally liable for the illegal sale of alcohol to a minor; there must be proof that the sale to a minor was made "with the knowledge, or by the direction, sanction, or approval of the defendant." *Bauer*, 467 N.W.2d at 223 (quoting *State v. Schultz*, 242 Iowa 1328, 1334, 50 N.W.2d 9, 12 (1951)); *accord* Iowa Code §§ 703.4, .5(2) (defining responsibility of employers for crimes committed by employees); *Fullmer v. Tague*, 500 N.W.2d 432, 434 (Iowa 1993) (holding that a plaintiff, to prevail on a negligence claim predicated on section 123.47, "must prove the defendants' knowing and affirmative delivery of the beer to the underage person").

Because sections 123.47 and 123.49(2)(h) specifically require fault, we will not read vicarious liability into these criminal statutes, but must first find a legislative expression of an intent to impose vicarious liability. *See* La Fave, *Criminal Law* § 3.9(a), at 252 ( "[I]f the statute requires mental fault, it will not be presumed that the legislature intended that the fault of the employee should suffice for conviction of the employer."). Clearly, there is no expression of such an intent in the statutory language. In contrast, we note that the legislature has imposed vicarious liability on licensees and permittees for *civil* fines and penalties assessed for a violation of section 123.49(2)(h). *See*

---

1. When a statute imposes strict liability, it is only necessary to prove that the defendant committed the culpable act; it is not necessary to establish any mens rea or mental fault. *See* La Fave, *Criminal Law* § 3.9, at 250; *see also Iowa City v.*

*Nolan*, 239 N.W.2d 102, 104–05 (Iowa 1976) (holding city ordinance imposed strict criminal responsibility on owner of illegally-parked car where ordinance dispensed with mens rea or scienter requirement).

Iowa Code § 123.50(3) (allowing suspension of license or permit upon *employee's* conviction of a violation of section 123.49(2)(h)); *Randall's Int'l,* 429 N.W.2d at 165. If the legislature had intended the same result with respect to *criminal* liability, it could easily have said so. Therefore, we reject any suggestion that chapter 123 itself imposes vicarious criminal liability on licensees and permittees for the illegal sale of alcoholic beverages to minors. *See State v. Adjustment Dept. Credit Bureau, Inc.,* 94 Idaho 156, 483 P.2d 687, 691 (1971) (where statutory offense required criminal intent, corporate defendant could not be held vicariously criminally liable for employee's violation of statute unless employee's actions were "authorized, requested, or commanded" by a high managerial agent of the company); *Commonwealth v. J.F. Lomma, Inc.,* 404 Pa.Super. 185, 590 A.2d 342, 346 (1991) (where statute required knowledge, corporate defendant could not be held criminally liable for employee's violation of statute unless corporation knew or had reason to know that employee would violate the statute).

### IV. *Are the Defendants Vicariously Liable Under Section 703.5?*

We now consider the State's contention that the defendants can be held vicariously liable for the conduct of their employees under section 703.5(1). Section 703.5 provides for the vicarious liability of a corporation in two different situations:

A ... private corporation ... shall have the same level of culpability as an individual committing the crime when any of the following are true:

1. *The conduct constituting the offense consists of an omission* to discharge a specific duty or an affirmative performance imposed on the accused by the law.

2. *The conduct or act constituting the offense is committed* by an agent, officer, director, or employee of the accused while acting within the scope of the authority of the agent, officer, director or employee and in behalf of the accused and when said act or conduct is authorized, requested, or tolerated by the board of directors or by a high managerial agent. ...

Iowa Code § 703.5 (emphasis added). We think the first subsection of this statute addresses crimes of omission, ones in which the criminal statute imposes an obligation on the corporation to do something, as opposed to criminal statutes prohibiting certain conduct.[2] *See* La Fave, *Criminal Law* § 3.3, at 202 (noting that some crimes are defined as an omission to act in the face of a legal duty to act, as opposed to more typical crimes that are committed by affirmative action, i.e., the performance of a prohibited act); *Black's Law Dictionary* 1086 (6th ed.1990) (defining "omission" as "[t]he neglect to perform what the law requires"). The second subsection of the statute addresses criminal conduct that consists of the commission of a prohibited act. *See Black's Law Dictionary* 276 (defining "commission" as "the doing or perpetration of a criminal act"). With this distinction in mind, we now consider the application of this statute to the case before us.

The State does not rely on section 703.5(2) to support the defendants' convictions. Indeed, there is no evidence in the record that these sales of alcohol to minors were "authorized, requested, or tolerated" by the companies' boards of directors or any high managerial agents of the defendants. Therefore, we must focus on the requirements of section 703.5(1) and decide whether there is sufficient evidence of those requirements to support the application of this statute in this case. To determine whether section 703.5(1) applies, we must identify the "conduct consti-

2. Iowa Code section 703.5(1) is taken almost verbatim from Model Penal Code section 2.07(1)(b). The drafters of the Model Code intended this species of vicarious liability to be very limited in scope:

> Subsection (1)(b) deals with a situation where the criminal law speaks explicitly to corporations.... The reference to a "specific" duty imposed on corporations by law is designed to make it clear that the provision does not govern in such a case as negligent homicide, where the duty violated is one that the law imposes generally. Rather, the section will apply when there is a failure, for example, to file a report of a kind that the corporation is specifically required to file, or to maintain records that the corporation is required by law to keep.

*Model Penal Code* § 2.07 cmt. 1(b), at 335 (1985).

**604**

tuting the offense" and then consider whether that conduct constitutes "an omission to discharge a specific duty or an affirmative performance imposed on the accused by the law." Iowa Code § 703.5(1).

 The State argues that the conduct constituting the offense is the failure to use reasonable care to ascertain the purchaser's age.[3] But a defendant can be convicted of a violation of sections 123.47 and 123.49(2)(h) in the absence of such evidence, for example, where the defendant knew the purchaser was a minor. Thus, the requirement of reasonable care is merely a substitute for the mens rea or knowledge element of the crime. We think "the conduct constituting the offense," as contemplated by section 703.5(1), is not the mens rea element of the crime, but rather is the core conduct of selling alcohol to a minor.

We next consider whether this conduct is "an omission to discharge a specific duty or an affirmative performance imposed on the accused by law" within the meaning of section 703.5(1). The sale of alcohol to a minor is the *commission* of a prohibited act; it is not the *omission* of a specific duty or affirmative obligation. Therefore, section 703.5(1) does not apply.

### V. Summary.

Sections 123.47 and 123.49(2)(h) do not impose vicarious liability on licensees and permittees for illegal sales made by their employees. Therefore, the criminal culpability of Casey's and Hy–Vee's employees does not provide a basis for the convictions of these corporations. In addition, the factual prerequisites of the statute providing for a corporation's vicarious liability, section 703.5, are not satisfied under the facts before us.

We conclude, therefore, that there is insufficient evidence to support a finding that the corporate defendants violated sections 123.47 and 123.49(2)(h). Accordingly, we reverse

the defendants' convictions and remand for dismissal of the charges.

**REVERSED AND REMANDED.**

---

**3.** Prior to 1986, chapter 123 placed an affirmative obligation on employees of state liquor stores to demand evidence of legal age from a prospective purchaser of alcohol who appeared to be under the legal age. *See* Iowa Code § 123.48 (1985) (repealed 1986). No similar statute exists today.