**STATE of Iowa, Appellee,**

v.

**HY–VEE, INC., d/b/a Hy–Vee Food Store, Appellant.**

**No. 99–0834.**

Court of Appeals of Iowa.

June 14, 2000.

Kerry A. Finley and Daniel E. Kelly of Finley, Alt, Smith, Scharnberg, Craig, Hilmers & Gaffney, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, Fred H. McCaw, County Attorney, and Mark T. Hostager, Assistant County Attorney, for appellee.

Heard by SACKETT, C.J., and HUITINK, VOGEL, MAHAN, ZIMMER, MILLER, HECHT, and VAITHESWARAN, JJ.

VOGEL, J.

Hy–Vee, Inc. (Hy–Vee) appeals its conviction of selling alcoholic beverages to an underage patron under Iowa Code section 123.49(2)(h) and section 123.50(1) (Supp. 1997). Because we find the later statute unconstitutional, we reverse.

**Background facts.** On May 13, 1998, an employee of a Hy–Vee grocery store in Dubuque sold alcohol to two minors. According to Iowa Code section 123.49(2)(h), a person shall not:

> [s]ell ... any alcoholic beverage, wine or beer to any person, knowing or failing to exercise reasonable care to ascertain whether the person is under legal age....

This code section has remained unchanged during the course of this case. Iowa Code section 123.50(1), the penalty section, however, has undergone substantive changes and is at the core of this dispute. The 1995 Code provided:

> [A]ny person who violates section 123.49, subsection 2, paragraph "h", commits a simple misdemeanor punishable as a scheduled violation under section 805.8, subsection 10, paragraph "b".

Effective July 1, 1997, this code section was changed to hold an employer vicariously and criminally liable for such a sale conducted by an employee, regardless of the culpability, or lack thereof, of the employer.

> [A] person who violates section 123.49, subsection 2, paragraph "h", commits a serious misdemeanor punishable by a fine of one thousand five hundred dollars. If the violation is committed by a

person who is employed by a licensee or permittee, the licensee or permittee and the individual shall each be deemed to have committed the violation and shall each be punished as provided in this subsection.

The Iowa legislature later struck the vicarious liability language effective July 1, 1998, leaving in place the implication of a need for employer culpability before conviction under this statute.

[A] person who violates section 123.49, subsection 2, paragraph *"h"*, commits a simple misdemeanor punishable as a scheduled violation under section 805.8, subsection 10, paragraph *"a"*.

Hy–Vee was directly affected by these revisions because of the timing of the sale at issue to the under aged patrons. The sale occurred May 13, 1998, and Hy–Vee was accordingly charged with a serious misdemeanor under the "deemed to have committed" version of section 123.50(1). Effective July 1, 1998, the statute was amended, by striking the serious misdemeanor provisions and reclassifying the offense as a simple misdemeanor punishable as a scheduled violation. Hy–Vee was then convicted and sentenced to pay a $1,500 fine under the vicarious liability statute on May 20, 1999.

Hy–Vee argues its criminal conviction should be reversed because the vicarious liability code section was unconstitutional or, in the alternative, it should have been penalized under the statute in effect at the time of the conviction and sentencing.

■ *Scope of review.* Our review of this constitutional challenge is de novo. *State v. Osmundson,* 546 N.W.2d 907, 909 (Iowa 1996). Statutes are given a strong presumption of constitutionality. *State v. Ryan,* 501 N.W.2d 516, 517 (Iowa 1993). This presumption places a heavy burden on the one challenging the constitutionality of a statute. *State v. Mehner,* 480 N.W.2d 872, 878 (Iowa 1992).

■ *Constitutionality of the statute.* Hy–Vee contends the vicarious liability

code section 123.50(1) (Supp.1997) violated its right to due process of law under the Fourteenth Amendment to the United Stated Constitution. A substantive due process analysis "considers both the interest of the public and the individual and whether, considering the legitimate public interests involved, there are other, less onerous means by which the public interests might be protected." *Davis v. Peachtree City,* 251 Ga. 219, 304 S.E.2d 701, 702 (1983). The affected private or individual interests include damage to reputation and other future disadvantages, which stem from a criminal conviction that the accused neither committed nor endorsed. *Minnesota v. Guminga,* 395 N.W.2d 344, 346–47 (Minn.1986).

Hy–Vee asserts the statute is unconstitutional because imposing vicarious, criminal liability upon employers for the acts of their employees violates the bedrock of the criminal justice system that, almost without exception, one is required to have some level of culpability before being subjected to criminal sanctions. *State v. Casey's General Stores, Inc.,* 587 N.W.2d 599, 601 (Iowa 1998). "This doctrine is contrary to the basic premise of criminal justice that crime requires personal fault." *Id.* (citations omitted). Hy–Vee does not deny the sales occurred but argues the employee acted in contradiction to company policies and procedures. Hy–Vee was tried to the court based on the minutes of testimony, which did not contain any evidence to establish that Hy–Vee knew or failed "to exercise reasonable care to ascertain whether the person is under legal age . . . ." under Iowa Code section 123.49(2)(h).

■ The State counters that when dealing with issues of concern to the public welfare, including the sale of alcohol to minors, criminal sanctions may be imposed in an attempt to curtail a targeted activity. *Morissette v. United States,* 342 U.S. 246, 256, 72 S.Ct. 240, 246, 96 L.Ed. 288, 296–97 (1952). Under limited circumstances,

criminal liability may be found against an accused although he is only vicariously liable for the act because such an act comes under the rubric of a "public welfare offense." *Id.* The rationale behind dispensing with the finding of criminal culpability in such instances lies with the regulatory nature of certain statutes. *Id.* These laws are "in the nature of neglect where the law requires care, or inaction where it imposes a duty." *Id.* "In the interest of the larger good it puts the burden of acting at hazard upon a person otherwise innocent but standing in responsible relation to a public danger." *Iowa City v. Nolan,* 239 N.W.2d 102, 104 (Iowa 1976) (citing *United States v. Dotterweich,* 320 U.S. 277, 281, 64 S.Ct. 134, 136, 88 L.Ed. 48, 51 (1943)).

Under *Morissette,* three criteria must be met before criminal sanctions may be imposed in crimes considered public welfare offenses. *Morissette,* 342 U.S. at 256, 72 S.Ct. at 246, 96 L.Ed. at 296–97. They are as follows: 1) the penalty must be slight; 2) the conviction must not carry a damaging stigma; and 3) the conduct must at least rise to the level of common-law negligence. *Id.* Further, it must be more in the nature of a regulatory act than a true crime. *Id.; see also State v. Conner,* 377 N.W.2d 664, 665–66 (Iowa App.1985).

The idea of imposing vicarious criminal liability in public welfare offenses has been upheld in other cases. Vicarious liability imposed on a vehicle owner for parking violations, regardless of the identity of the actual driver, was upheld as a public welfare offense. *See Nolan,* 239 N.W.2d at 106. The court held the city ordinance in question was constitutional based on the small penalty involved and the regulatory nature of parking associated with vehicle ownership. *Id.* In a case involving a sale of alcohol to a minor by an employee, suspension of the employer's liquor license survived a due process challenge because there was no criminal penalty or stigma attached, merely a regulatory sanction. *See Randall's Int'l, Inc. v. Hearing Bd. of the Iowa Beer & Liquor Control Dep't,* 429 N.W.2d 163 (Iowa 1988).

The State argues that other states with similar liquor control statutes have survived due process challenges. *See Wisconsin v. Beaudry,* 123 Wis.2d 40, 365 N.W.2d 593 (1985) (finding vicarious liability of an employer for an employee violation of store closing law); *see also State v. Hy Vee Food Stores, Inc.,* 533 N.W.2d 147 (S.D. 1995) (holding employer vicariously liable for an employee's sale of alcohol to a minor). However, the *Beaudry* case did not employ a *Morissette* analysis and the *Hy Vee* case failed to consider a criminal conviction as harmful to the reputation of a corporation. For these reasons, we decline to follow their holdings.

■ Hy–Vee alleges the statute under which it was convicted does not conform to the *Morissette* criteria of a public welfare statute and must, therefore, be stricken as unconstitutional, violating its due process rights. We agree. There was no finding that Hy–Vee engaged in any culpable conduct. However, under the vicarious liability code section, Hy–Vee was "deemed" to have participated in the illegal activity of its employee. Having vicarious criminal liability imposed resulted in Hy–Vee being convicted of a serious misdemeanor with a fine of $1,500.

Hy–Vee maintains the offense carries with it a stigma to its corporate reputation. The consumption of alcohol by underage persons is an issue that cannot be minimized in today's society. As such, the label of criminal offender for illegal alcohol sales could have an adverse effect on Hy–Vee's reputation as a locally owned and operated business. We do not believe that being found guilty of a serious misdemeanor is an inconsequential conviction, even for a corporate defendant. The gravity of the conviction lifts this crime out of the regulatory public welfare arena and places it squarely into the criminal arena.

Because the stigma of a conviction of selling alcohol to a minor, a serious misde-

meanor, is more than slight, we find Iowa Code section 123.50(1) (Supp.1997) cannot survive under a *Morissette* public welfare analysis. Without this narrow exception to circumvent due process requirements, the statute, which imposed vicarious criminal liability on Hy–Vee, must fail as unconstitutional.

Additionally, no evidence of Hy–Vee's culpability in the sale was presented to the court to support a conviction under Iowa Code section 123.49. The case was tried on the minutes of testimony, which contained no allegations that Hy–Vee knew or failed "to exercise reasonable care to ascertain whether the person is under legal age." Therefore, charges under both Iowa Code sections 123.49(2)(h) and 123.50(1) must be dismissed. *See State of Iowa v. Casey's General Stores, Inc.,* 587 N.W.2d 599 (Iowa 1998).

Accordingly, we reverse and remand for entry of a judgment of dismissal.

**REVERSED AND REMANDED.**

STREIT, J., takes no part.